BARRON G. COLLIER, INCORPORATED, v. MILO CONNELLEY ET AL.

No. 7458. Decided February 28, 1940.
Rehearing overruled March 20, 1940.
(137 S. W., 2d Series, 14.)

570

*J. G. Ogle* and *Smoot & Smoot,* all of Wichita Falls, for plaintiff in error.

It was error for the Court of Civil Appeals to hold that the allegation of defendant, to the effect that the solicitor of plaintiff represented the contract to be the same except as to amount, was sufficient as a defense and that it was not necessary for the defendant to prove some amount of pecuniary damages growing out of the alleged fraud before the contract could be cancelled. Bryant v. Vaughn, 33 S. W. (2d) 729; Bauder v. Johnson, 36 S. W. (2d) 1112; Nance v. McClellan, 126 Texas 580, 89 S. W. (2d) 774.

*Walter Nelson,* of Wichita Falls, for defendant in error.

On the right of plaintiff to recover upon a quantum meriut.

Enterprise Co. v. Neely, 217 S. W. 1088; Hoffer Oil Corp. v. Hughes, 48 S. W. (2d) 426; Felton v. Tally, 72 S. W. 614.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

In the year 1930, and succeeding years, Barron G. Collier, Inc. of Texas, a Texas corporation, owned all display advertising rights in connection with the street cars and passenger busses operated in Wichita Falls, Texas, by the Wichita Falls Traction Company. On April 29, 1930, said corporation, which we shall, for convenience, call "Collier," entered into a written contract with Milo Connelley who was conducting a bakery in Wichita Falls under the name "Cream Bakery Company." Connelley was the principal owner and manager of said bakery business. By the terms of said contract Collier was to furnish Connelley, for the term of five years, advertising space in street cars and busses operated by said Traction Company. Connelley was to furnish the advertising cards to occupy said advertising space, and Collier was to keep them properly displayed there. In the contract was specified the amount which Connelley was to pay monthly for said advertising service. The operations under this contract proceeded, and on June 11, 1931, the contracting parties found it suitable to rearrange the rate and amount of monthly installments which Connelley was to pay for said service. On the last mentioned date they entered into a second contract, in lieu of the first one, whereby the term of advertising service was made five years from July 1, 1931, and the rate and amount of monthly payments by Connelley were readjusted accordingly. In this contract the advertising service which Collier was bound to furnish was, as specified in the contract, "for full advertising service in the Wichita Falls Traction Company cars and busses." The performance of this advertising service proceeded and in June, 1933, Connelley was in arrears with his monthly payments and an agent of Collier agreed with Connelley to rearrange the rate and amount of monthly payments in respect to said advertising service. In pursuance of this agreement, said agent of Collier prepared a third contract for Connelley to sign. As prepared by said agent, the new instrument provided that the advertising service which Collier was to furnish was "Double full advertising service in street cars and/or busses Wichita Falls Traction Company." The proper rearrangement in respect to rate and amount of monthly payments was provided in the new instrument, in accordance with the new agreement of the parties. Except in the respects above mentioned the provisions

of the new instrument which the agent prepared were the same as those contained in the second contract of June 11, 1931. On June 7, 1933, the agent presented this new instrument to be signed, telling Connelley that it was in all respects the same as the second contract except in so far as the matter of rate and monthly payments was concerned. Connelley, in reliance on this representation of said agent, signed the instrument without reading it. On July 5, 1933, the traction company ceased to operate street cars and same were replaced by busses, and since that time, of course, Collier has not attended to carring advertising matter in street cars. This suit was brought by Collier in the year 1936, to recover the unpaid balance of the amount which was due at the time the third contract was executed, and for advertising service after the third contract was executed. Connelley admits that he owes a comparatively small balance for service performed before the third contract was executed, but denies all liability in respect to the third contract and seeks cancellation of said third contract on the ground of fraud. In the trial court the case was tried before a jury on special issues, and in answer to said special issues, the jury found, in effect, that Connelley signed the third contract without reading it, because of the false representation of the agent of its contents, and therefore Connelly did not know when he signed it that the term "and/or" appeared therein between the words "street cars" and the word "busses." Upon these fact findings of the jury the trial court rendered judgment in effect canceling the third contract and denying any recovery thereon, but awarding Collier a recovery of the amount of the unpaid balance which Connelley admitted that he owed at the time the third contract was executed. From this judgment Collier appealed and the Court of Civil Appeals reversed the judgment of the trial court and remanded the cause. In so doing the Court of Civil Appeals held in effect that the trial court properly canceled the third contract because of the term "and/or" which had been introduced therein in consequence of the fraud of Collier's agent, and further held in effect that the terms of the second contract alone governed the rights of the parties. 116 S. W. (2d) 849. Both parties have been granted the writ of error.

■ We think that the Court of Civil Appeals erred in holding in effect that the false representation made by Collier's agent affords Connelley the right to have the third contract canceled. The controversy relates to the term "and/or" which appears in the first paragraph of said contract, which paragraph, so far as material, reads as follows:

"The undersigned, hereinafter called the Advertiser, hereby contracts with Barron G. Collier, Inc., of Texas, a Texas Corporation, hereinafter called the advertising company, for double full service of advertising in the street cars of and/or busses Wichita Falls Traction Co." Connelley complains of the presence of the word "or" in the above sentence, for the reason that the agent of Collier falsely represented to him that, except as to the matter. of rate and monthly payments, the terms of the third contract were the same as those of the second contract in which the term "street cars and busses" was used. As regards street cars this word "or" contained in the sentence mentioned purports nothing more than an option on the part of Collier to dispense with performing any advertising service so far as those vehicles were concerned. This option, however, was never exercised. On the contrary Collier furnished service in connection with street cars up to July 5, 1933, when the traction company ceased to operate street cars. In the third contract, as well as in the second contract, the following provisions, among others not presently material, appear:

■ "The advertiser agrees, at his or its own expense, to furnish cards for said advertising and to deliver the same to the advertising company. * * * Display of advertising cards in all of the cars in operation by the above named railway company or companies (or in the group of cars as above described) shall constitute 'full service' * * *. This contract shall not be construed to cover cars in which advertising is not permitted by the railway company." These provisions make it plain that the contracting parties contemplate that cessation of operation of street cars would remove those vehicles from the advertising project but would not terminate the contract. Inasmuch as Collier furnished advertising service in relation to street cars so long as they remained in operation, it is readily seen that the presence of the word "or" in the clause in question has resulted in no injury to Connelley. It is the settled rule that a court of equity will not cancel a contract for fraud unless the complaining party has suffered injury as a result of the fraud. Russell v. Industrial Transportation Co., 113 Texas. 441. It follows therefore that the third contract is valid and the trial court erred in rendering judgment in effect canceling same.

For the reasons hereinabove shown, the judgment of the Court of Civil Appeals reversing the trial court's judgment and remanding the cause, is affirmed.

Opinion adopted by the Supreme Court February 28, 1940.

Rehearing overruled March 20, 1940.