**BRACKEN v. OSBORNE et al.**

No. 9840.

Court of Civil Appeals of Texas. Austin.

Jan. 4, 1950.

Halbert O. Woodward, of Coleman, Newman & McCollum, of Brady, for appellant.

Scarborough, Yates, Scarborough & Black, by Edmund C. Yates, of Abilene, for appellees.

GRAY, Justice.

This is an appeal from a judgment sustaining a plea of privilege.

Appellant filed suit in the District Court of McCulloch County, Texas, against appellees, residents of Taylor County, Texas, and for cause of action alleged that he was the owner of certain real property located in Taylor County, which property was listed with appellees, real estate brokers, for sale at a price of $8,500, that such listing was made and accepted by letters, and that by these and other letters appellees knew it was appellant's intention to sell the property for $8,500, but thereafter appellees, by letter addressed to and received by him at Brady in McCulloch County, Texas, submitted to him for execution by himself and his wife, a contract of purchase and sale; " * * * that nowhere in this letter did defendant inform plaintiff that the sale price was less than $8,500, although in fact said contract of sale stipulated a price of $6,000, which was totally unknown to plaintiff. That defendant, by failing to inform plaintiff that there was any change in the sale price, falsely and willfully represented to plaintiff that the price agreed upon in the contract of sale was $8,500, in accordance with the previous correspondence addressed to plaintiff by defendant in Brady, McCulloch County, Texas."

Appellant further alleged that relying upon the representations of appellees, he and his wife signed the contract without reading it, and later executed two deeds to the property without reading the said deeds. That he did not discover he had not received $8,500 for the property until he received checks from appellees for a sale of the property at $6,000, instead of $8,500; and further alleged that the false representations made by appellees, upon which he relied, caused him to suffer damages.

Without further stating appellant's pleadings, suffice it to say that the allegations of fraud, if sustained by evidence, are sufficient to sustain venue in McCulloch County.

The trial court sustained appellees' plea of privilege, transferred the cause to the 104th District Court of Taylor County, and, at appellant's request, filed findings of fact and conclusions of law. In his findings, the trial court set out the several letters from appellant to appellees and from them to him, the contract of purchase and sale, and specifically found as follows:

"I find that the plaintiff, at the time that he signed the contract, did not read it but relied solely upon previous letters written by him to Mr. Free and by Mr. Free to him, with reference to the sale price of said property, which letters in said connection reflected that the sale price of the property was to be $8,500 and that the plaintiff was to receive $6,000 net to him out of said sale; and I further find at the time said contract was signed by the plaintiff and his wife, that the plaintiff honestly believed that he was going to receive $6,000 net to him out of the sale of the said property, and that he would not have signed said contract if he had known otherwise.

&ast; &ast; &ast; &ast; &ast; &ast;

"I find that two deeds were prepared covering this property, one for $6,000 consideration covering Lot No. 13, on which was a vacant lot; and that this was brought about because the loan company making the loan to the purchaser did not know about Lot No. 12 being involved in the trade, and hence it was necessary to make the two deeds.

"I find that at the time plaintiff and his wife signed the deeds, that the plaintiff honestly believed, in good faith, that he was going to receive $6,000 net to him for his equity in the property, and that in formulating such belief, he did so as the result of previous written correspondence herein above referred to between him and W. H. Free.

&ast; &ast; &ast; &ast; &ast; &ast;

"I find that at the time the plaintiff received Exhibit K showing the payment of

his loan against the property and the attached statement of expenses of the sale, and the checks to him totaling $2,952.97, was the first time that he knew he was not to receive as his equity from the sale of the property the sum of $6,000, less commission and expenses; and that shortly thereafter, on June 20, 1949, he instituted this suit in the District Court of McCulloch County, Texas, against G. C. Osborne and W. H. Free, for the recovery of the $2,500 alleged in plaintiff's petition.

"I find that all of the letters referred to above written by W. H. Free to the plaintiff were received by the plaintiff in McCulloch County, Texas. I find that the reasonable cash market value of the property in question, during the time of the negotiation and sale, was $8,500, in Abilene, Taylor County, Texas.

\* \* \* \* \* \* \*

"In view of the letter of February 24, 1949, accompanying the contract, and the letter of March 10, 1949, accompanying the deed, I conclude that the plaintiff had no cause of action for fraud against the defendants, either at the time he signed the contract, or at the time he signed the deed.

"I conclude that the defendants' plea of privilege should be sustained."

■ The record does not show any exceptions or objections were made to these findings, and no request was made for additional findings. There is no statement of facts before us, for which reason the findings of the trial court will be adopted as the findings of this court. Mathes v. Williams, Tex.Civ.App., 134 S.W.2d 853; Tex.Jur., Vol. 3b, p. 463, Sec. 941. The authority of this court to review the findings of the trial court in a plea of privilege case is no different than in other cases. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Tex.Jur., Vol. 3b, Sec. 942, p. 466.

As found by the trial court appellant signed the contract of sale and the two deeds to his property without reading them, and did not know until he received the letter of March 21, 1949 (Exhibit K)

that the sale price of his property was less than $8,500, the price he thought he was receiving.

■ Appellant undertakes to invoke the rule that: "It is settled in this state that where one has been induced to enter into a contract by fraudulent representations, the person committing the fraud can not defeat a claim for damages based thereon by a plea that the party defrauded might have discovered the truth by the exercise of proper care." Citing the case of Powell v. Andrews, Tex.Civ.App., 220 S.W.2d 718, Er.Ref.N.R.E.

The rule relied on is applicable when it is established that there has been a false representation made which has induced a party to enter into a contract to his injury. Barron G. Collier v. Connelley, Tex.Civ. App., 116 S.W.2d 849, affirmed, 134 Tex. 569, 137 S.W.2d 14; 20 Tex.Jur., Sec. 34, p. 59. And provided there is absent knowledge on the part of the injured party sufficient to put him on his guard. Wortman v. Young, Tex.Com.App., 235 S.W. 559.

The trial court found that, at the time appellant signed the contract for the sale of his property, he did not read such contract but relied on previous letters written by him to appellee Free and by Free to him; that at the time this contract was signed, appellant honestly believed he was to receive $6,000 net to him (which would have been a sale price of $8,500 for the property), and that he would not have signed the contract if he had known otherwise. The trial court also made similar findings relative to the belief of appellant existing at the time the deeds were executed.

There is no finding that any false or fraudulent representation was made, or any fact concealed, which induced appellant to sign the contract of sale and to execute the deeds. And though the letters did induce the appellant to believe he was to receive $8,500 as the purchase price for his property, such belief is found to have resulted from his own letters as well as from those written by Free.

The letter of February 24, 1949, enclosing the contract of sale to appellant for

signatures, contains the following statement: "The contract I believe explains everything and you can understand from it what the deal is."

The burden was on appellant to establish, by a preponderance of the evidence, his allegations of fraud, and absent a finding that a false representation was made which induced appellant to act to his injury, and absent a statement of facts we are in no position to, and can not, say the trial court did not properly find the facts before him.

The judgment of the trial court is affirmed.

Affirmed.