Mike V. HERNANDEZ et al., Appellants,

v.

H. S. ANDERSON TRUCKING CO.,
Appellee.

No. 6613.

Court of Civil Appeals of Texas.

Beaumont.

Sept. 12, 1963.

Rehearing Denied Oct. 9, 1963.

Jack R. King, Watson & Selman, Beaumont, for appellants.

John H. Benckenstein, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action for damages arising out of a collision between an automobile and a truck. The plaintiffs are Mike Hernandez, the driver of the automobile, and Romulo

Diaz, husband of Irene Diaz, a passenger in the automobile. Judgment was for defendant, based upon the answers of the jury to the special issues.

The collision occurred near the top of the Orange-Port Arthur bridge over the Neches River. Both vehicles were traveling in a westerly direction, when the automobile overtook and collided with the rear of the truck. The time of the collision was between 5:30 and 5:45 A.M. on the morning of October 11, 1960. The testimony of the witnesses is conflicting as to amount of daylight and visibility. The truck was transporting a sub structure of a drilling rig on a lowboy, which is a low trailer, from Bon Weir, Texas, to Port Arthur, Texas. A permit had been obtained from the Texas Highway Department because the load was overlength and extended some 6 feet beyond the back of the trailer.

The jury found: That the load on defendant's truck extended beyond the bed or body more than four feet. That defendant's truck was being operated upon a highway at a time from half hour after sunset to a half hour before sunrise. That defendant's truck was not being operated on a highway at a time when there was not sufficient light to render vehicles clearly discernible at a distance of 500 feet ahead. That defendant failed to display a red light or lantern at the rear of the extended load which was plainly visible from a distance of 500 feet to the sides and rear. That such failure was not a proximate cause of the collision. That defendant did not fail to display such lights on its truck as would have been displayed under the same or similar circumstances by an ordinary prudent person in the exercise of ordinary care. That defendant did not operate its truck on a public highway so as to obstruct and impede the normal, reasonable and safe movement of traffic. That plaintiff, Mike Hernandez, was guilty of negligence in operating his sedan at an excessive rate of speed, in failing to keep a proper lookout, in failing to have such sedan under proper control, in driving the sedan at a closer distance than a person of ordinary prudence in the exercise of ordinary care would have done under the same or similar circumstances, and in failing to turn the sedan to the left and around defendant's truck immediately before the collision. That each of these acts of negligence was a proximate cause of the collision. That the failure to have the sedan under proper control was the sole proximate cause of the collision. That the act of Mike Hernandez attempting to pass in a no-passing zone was not negligence. That the collision was not an unavoidable accident. That the amount of damages suffered by each plaintiff was none.

It had been stipulated that the damages to defendant's truck was $707.10, and judgment was rendered for defendant against Mike Hernandez in such amount, and that plaintiffs take nothing by their suits. The parties will be designated here as they were in the trial court.

It is apparent from the pleadings, evidence and charge of the court that it was the theory of the plaintiffs that this collision was caused because the defendant's truck was carrying on overlength load, at a time of the morning when it was compelled by law to have a red light or a lantern at the rear of the extended load, and that plaintiff's automobile collided with the rear of the truck because of the absence of such light or lantern. It is without dispute that the load on the rear of the truck extended such a distance as to make the law in reference to the light or lantern applicable. The center of controversy was the time of the collision, the status of the amount of daylight, and the proximate cause or causes of the collision. The jury found that even though the defendant's truck was being operated at a time between a half hour after sunset to a half hour before sunrise, that the truck was not being operated when there was not sufficient light to render vehicles clearly discernible on the highway at a distance of 500 feet ahead, and that the

failure to display a red light or lantern was not a proximate cause of the collision. There are no points of "no evidence" or "insufficiency of the evidence" attacking these findings of the jury.

In plaintiffs' first point it is contended the trial court erred in permitting the witness Leo Hickman to give certain testimony. This witness had been a Texas Highway Patrolman for six years. He had attended a Department of Public Safety Training School in Austin for three months and received instruction in traffic accident investigation, among other subjects. During his six years as a patrolman he investigated many highway accidents including those which involved fatalities. He investigated this collision some thirty minutes after its occurrence. This witness was permitted to testify: That plaintiffs' car came up applying the brakes, started out to make a pass at the point of impact and hit the left hand corner of the trailer with the right front fender of the automobile. After hitting the truck it went around and damaged the rail of the bridge and then came back and hit the side of the truck. The automobile went out to the rail again and then came off of the rail to its final position on the center stripe with the rear end six feet from the sidewalk. That the points of impact were at the rear end, on the side of the trailer and on one of the tandems of the truck. That damage was done to the lowboy.

■ A diagram prepared by this witness showing the point of original impact and then the course taken by the two vehicles, was admitted in evidence. At no time did the witness attempt to testify as to the speed of either vehicle. A trial court has wide discretion in passing upon the qualifications of an expert witness. S. & D. Wolf Co. v. Atchison T. & S. F. Ry. Co., Tex.Civ.App., 301 S.W.2d 272, and Mars v. Panhandle & S. F. Ry. Co., Tex.Civ.App., 25 S.W.2d 1004. Apparently the trial court felt this witness was qualified to answer these specific questions. There was no abuse of discretion in this case. A great deal more knowledge, training and experience would have been required on the part of a witness to qualify such witness to estimate the speed of the vehicle than to express the opinions as to points of impact and courses of directions, as were given in this instance. Furthermore, none of the opinions expressed which are complained of had any bearing upon the paramount issue of the case as to the condition of visibility at the time of the collision. Only the issues pertaining to the acts of contributory negligence on the part of the plaintiff Hernandez could have been affected by this evidence. The point is overruled.

■ Plaintiffs next complain of the action of the trial court in permitting the witness Anthony Cormier to give certain testimony. Cormier testified he drove his automobile over the bridge in question about 5:45 a. m. the morning of the collision. He was traveling in the opposite direction from the two vehicles involved in this collision. He testified he met two vehicles as he was driving down from the top of the bridge. One was a huge, large looking truck and the other was just a car. He passed the truck first, and then the car just a few feet before he got off of the bridge. He testified the car was driving at a high rate of speed, over sixty miles an hour, and was on the center line of the bridge. That about 3 minutes after he got off of the bridge, it was brought to his attention that there had been an accident on the bridge and about ten minutes later he heard a siren. Cormier could not identify the driver of the car nor the car itself, and could not say it was the same car involved in the collision.

If the truck and automobile had been positively identified by this witness, then there would have been no question as to the relevancy of his testimony as to the way the automobile was being driven immediately before the collision. The identity of these two vehicles was a matter which could be proved by circumstantial evidence. The circumstances described by the witness

Cormier were sufficient to raise a question of fact for the jury to determine. Such circumstances included: (1) The time the witness Cormier drove over the bridge and the time of the collision being so close. (2) The description of the two vehicles, one as a "huge, large looking truck" and the other an automobile. (3) The positions of the truck and automobile—that is, the truck preceding the automobile. (4) The discovery there had been an accident on the bridge within 3 minutes after the witness Cormier got off of the bridge. (5) The testimony of the witness Odie Watson, the driver of defendant's truck, that he passed an automobile on the bridge. All of these facts strongly indicated the two vehicles he saw were the same ones involved in the collision. The point is overruled.

■ Plaintiffs urge as error the failure of the trial court to grant their motion to require counsel for defendant to desist from continuing to inquire of the Plaintiff Hernandez about specific prior traffic violations. Each of the objections to the question propounded was sustained, and none of the questions were answered. However, the trial court refused to instruct counsel for defendant not to ask such questions, and ruled upon each question separately. Counsel for plaintiff asked the witness Irene Diaz the question: "You have known Mr. Hernandez all your life. Do you know whether he was a good driver or not?" To which she answered: "I knew he was capable of driving. Otherwise, I would not have gotten into the car to begin with." Plaintiff Hernandez was later recalled to the witness stand under the adverse party rule, and counsel for defendant asked the questions in reference to prior specific traffic violations, his theory being that the question and answer set out injected into the case, the issue as to the ability of the plaintiff Hernandez as an automobile driver. After the last question along this line of interrogation, counsel for plaintiff made the following objection:

"Same objection, your Honor, and we ask that you instruct the jury that

these questions by Counsel do not constitute any testimony and they are not to consider the question at all."

The Court:

"The objection is sustained and I so instruct and charge the jury."

This point is without merit. The unanswered questions, if improper, and duly excepted to, are not sufficient ground for a reversal of the case. Firestone Tire & Rubber Co. v. Rhodes, Tex.Civ.App., 256 S.W.2d 448. Especially in view of the instruction of the Court.

Plaintiffs also contend the combined effect of all of these matters complained of deprived the plaintiff of a fair trial and resulted in an improper verdict and judgment. Upon a consideration of the record as a whole, we find no reversible error.

Judgment affirmed.