**WILLIS SEARS TRUCKING COMPANY et al., Appellants,**

v.

**Aubrey J. PATE et ux., Appellees.**

**No. 7142.**

Court of Civil Appeals of Texas, Beaumont.

March 19, 1970.

Motion for Rehearing Overruled April 9, 1970.

Orgain, Bell & Tucker, Beaumont, for appellants.

L. Giles Rusk, Houston, for appellees.

KEITH, Justice.

Sears, the owner of a truck-tractor combination, and his driver, Day, appeal from an order overruling their separate pleas of privilege to be sued in Jasper County, their domicile. The plaintiff, Pate, sued both defendants for personal injuries he sustained when the truck he was driving collided with that owned by Sears and driven by Day. The accident happened on U. S. Highway 59, near Cleveland, Liberty County, Texas, shortly before 4:00 o'clock, a. m., October 18, 1968. Only deposition testimony was offered in evidence upon the hearing and this did not include any testimony from the plaintiffs.

Day left Jasper shortly before 2:00 o'clock, a. m. with a load of lumber for delivery in Houston. Nearing Cleveland, he slowed down and was preparing to turn to his right into a cafe-motel when his vehicle was struck violently from the rear by the truck driven by Pate. There is no ques-

tion as to ownership of the truck or scope of employment involved in the appeal. On the other hand, there is no testimony in the record which explains how the accident actually happened.

Pate, in his controverting affidavit, relied upon Subdivision 9a, Article 1995, to sustain venue in Liberty County; and, at the conclusion of the hearing, the court entered judgment overruling the plea of privilege from which this appeal comes.

It is necessary that we consider in detail the pleadings of the plaintiffs because the court, on the face of the order overruling the plea of privilege, made certain findings:

"* * * and the court being of the opinion that the evidence sustains the following acts and omissions of negligence, *and none other*: Those grounds of negligence set forth in paragraphs A, B, G, I and J of plaintiffs first amended original petition and any other grounds of negligence alleged by plaintiff which may appear to have raised an issue of same from the entire record." (Emphasis supplied.)

In the third paragraph of the amended petition, plaintiffs alleged:

"As the basis for this suit, your Plaintiffs would respectfully show unto the Court and Jury that the collision was proximately caused by the negligence of the Defendants in the operation of their truck by some one or more of the following acts or omissions on the part of said company Defendant *and/or* the Defendant driver:

"A. In that said Willis Edward Sears, dba Willis E. Sears Trucking Company furnished his driver with a truck with defective or ineffective lights, braking equipment, tires, and other safety devices.

"B. In failing to reasonably inspect said truck so as to ascertain whether such truck was equipped with ineffective or defective equipment.

\* \* \* \* \* \*

"G. In making a turn when such movement could not be made in safety.

\* \* \* \* \* \*

"I. In operating a vehicle with an overhanging load over the rear of the trailer, obstructing the view of the rear of the trailer.

"J. In failing to display a light on the overhanging load which could be visible for 500 feet from the rear."

In our analysis of plaintiffs' pleadings charging negligence, we are confronted with the "linguistic abomination"[1] of "and/or". This symbol, according to one court, is not "the English language" within the constitutional provision requiring judicial proceedings to be in the English language.[2] "It is indicative of confused thought and should have no place in either a statute or legal document as 'and/or' makes confusion worse confounded."[3] The court in State ex rel. Adler v. Douglas, 339 Mo. 187, 95 S.W.2d 1179, 1180 (Mo.Sup. in Banc, 1936), said:

"There is no reason why a statute, contract, or legal document of any kind cannot be stated in plain English. The use of the symbol 'and/or' has been condemned by some courts and should be condemned by every court."

This court, speaking through the late Justice Combs, condemned the phrase in American General Ins. Co. v. Webster, 118 S.W.2d 1082, 1084 (Beaumont Tex.Civ. App., 1938, error dism.), saying:

"Incidentally, we will remark that we would probably be warranted in considering that part of the sentence following 'and/or' as meaningless, for to our way of thinking the abominable invention, 'and/or', is as devoid of meaning as it is incapable of classification by the rules of grammar and syntax."

In Wood v. State, 156 Tex.Crim.R. 419, 243 S.W.2d 31, 33 (1951), Judge Davidson said:

"The civil appellate courts of this state have also uniformly condemned the words, 'and/or,' as meaningless, indefinite and uncertain. American Gen. Ins. Co. v. Webster, Tex.Civ.App., 118 S.W. 2d 1082; Collier, Inc. v. Connelley, 134 Tex. 569, 137 S.W.2d 14; United Service Automobile Ass'n v. Miles, 139 Tex. 138, 161 S.W.2d 1048."

There is an annotation to be found in 118 A.L.R. 1367, 1368 (1939) [supplemented in 154 A.L.R. 866 (1945)], wherein are collated the more choice judicial epithets heaped upon this "confusing hybrid." It would unnecessarily lengthen this opinion to include the complete list, instead we adopt the judicial invective found therein as our own.

It may well be that in attacking the phrase, we are among those who are "tilting their lances at windmills" [45 Yale L.J. 918 (March 1936)]. Nevertheless, we join with the authorities cited; and being unable to improve upon the language selected and used in the foregoing authorities condemning this neolegalism, we add our disapproval to that already heaped upon the overworked phrase. We note particularly that "the courts are unanimous in condemning the use of the term 'and/or' in pleadings." 118 A.L.R. at p. 1372. If plaintiffs' counsel meant the conjunctive, he should have employed the word "and"; but, if he meant to express the disjunctive, he should have used the word "or". Having used both, he expressed neither. Plaintiffs violated Rules of Civil Procedure, rule 45(b), in that the pleading did not "consist of a statement in plain and concise language of the plaintiff's cause of action." Millspaugh v. Northern Indiana Public Service Co., 104 Ind.App. 540, 12 N.E.2d 396 (Indiana App. in Banc, 1938). See also the

---

1. State v. Smith, 51 N.M. 328, 184 P.2d 301, 303 (N.M.Sup., 1947).

2. Tarjan for Use of Lefkow v. National Surety Co., 268 Ill.App. 232 (1932).

3. Attributed to American Bar Journal by Judge Kruger in Compton v. State, 129 Tex.Crim.R. 648, 91 S.W.2d 732, 733 (1936).

collation of authorities found in Gunnells Sand Co. v. Wilhite, 389 S.W.2d 596, 598 (Waco Tex.Civ.App., 1965, error ref. n. r. e.), discussing the requirement of a pleading to support the admission of evidence.

Nevertheless, we will undertake to determine, if possible, what plaintiffs' counsel meant through the use of the "interloping disjunctive - conjunctive - conjunctive-disjunctive conjunction." [4]

By the process of ignoring the symbol, such being the only way we can make any sense of the allegations of negligence, we come, hopefully, to the conclusion that subdivision A has reference only to Sears and not to Day. Subdivision B, apparently, was designed to apply to both defendants. Subdivision G probably was intended to apply only to Day, unless the vicarious liability of Sears is to be interpolated therein by reference and the same is true of Subdivisions I and J. Upon the basis of this analysis, we undertake to examine the record to determine if Pate has discharged the burden cast upon him under the venue statute. Newlin v. Smith, 136 Tex. 260, 150 S.W. 2d 233, 234 (1941); Czikora v. Hutcheson, 443 S.W.2d 871, 876 (Beaumont Tex.Civ. App., 1969, error dism.).

▆▆▆ Incredible as it may appear, from this relatively simple truck collision, defendants come forward urging 22 points of error which break down into three component parts: (a) there was no evidence of negligence (either generally or on any of the specific grounds noted in the order), or, alternatively, insufficient evidence; (b) there was no evidence of proximate cause, or, alternatively, insufficient evidence to show that the alleged negligent acts proximately caused the collision; and (c) the court erred in permitting the witness Stephens to testify as to the condition of a vehicle which he observed prior to the accident.

"In determining whether the trial court's findings are supported by any evidence of probative value, we will give credence only to the evidence favorable to the findings and will disregard all evidence to the contrary." Brown v. Frontier Theatres, Inc., 369 S.W.2d 299 (Tex.Sup., 1963).

In passing upon the points challenging the sufficiency of the evidence, we will consider the record as a whole. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

We first consider the complaint with reference to Stephens, a truck driver for the same concern as employed Pate. Stephens and Pate had taken their rest break at Livingston together and Stephens had driven off ahead of Pate, both going to Houston on U. S. Highway 59. They left Livingston shortly after 4:00 o'clock a. m. As they left Livingston, Stephens proceeded through a traffic signal which changed before Pate went through, and the parties remained separated thereafter.

Stephens testified that as he proceeded south from Livingston on U. S. Highway 59, and at a point variously estimated as being from three to five miles north of the scene of the collision, he saw two trucks carrying lumber. He described one of the trucks as being red in color but was unable to identify it by either make or model. He thought at first that it was hauling wrecked cars, but when he got closer, saw that it was hauling lumber. There were two of such trucks, one of which was adequately lighted. As to the other, however, Stephens noticed headlights on the tractor but no tail light or lights on the trailer. The defectively lighted vehicle was in the right or outside lane of the divided highway and was going "real slow," approximately 20 to 25 miles per hour.

From this basis, plaintiffs seek to raise the inference that the truck seen by Stephens was the same truck as that involved in the later collision. Other than being a red truck of indeterminate make, model, and ownership, and hauling lumber, there

4. Minor v. Thomasson, 236 Ala. 247, 182 So. 16 (1938).

was no testimony connecting the truck so described by Stephens with either Sears or Day. Stephens did not witness the accident nor have knowledge thereof until some time thereafter. In passing, we note that Highway Patrolman Harris testified that when he arrived at the scene of the accident, he found the Sears truck was a 1964 model Chevrolet and was painted red. At the time of his arrival, there was another Sears truck already stopped at the scene and a third arrived shortly thereafter. Thus, it appears that Sears had at least three lumber trucks in the area at the time. There is no showing of the condition of the lights upon the other Sears trucks in the area.

■ Defendants contend that Stephen's testimony was inadmissible, i. e., not relevant, in that there was no showing that either Sears or Day had any connection with the truck which Stephens observed on the road. This court can and will take judicial knowledge that Highway 59 is the main traveled road between the great lumber producing areas of East Texas and Metropolitan Houston, a major consumer of the products of the forest. See: Zurich General Accident & Liability Ins. Co. v. Holmes, 291 S.W.2d 373, 376 (Beaumont Tex.Civ.App., 1956, error ref. n. r. e.). The number of trucks hauling lumber which might be upon that particular highway at any pertinent time is not shown in our record and there is no evidence tending to show that the truck which had the defective lighting upon the trailer was that driven by the defendant Day or was owned by Sears. Only by speculation can we arrive at the ultimate fact sought to be established: that the truck driven by Day did not have lights upon it when it was struck from the rear by Pate's truck.

The evidence before us from Stephens is not nearly as strong as that in Comet Motor Freight Lines v. Holmes, 175 S.W.2d 464 (Waco, Tex.Civ.App., 1943, error ref. w. o. m.) wherein similar evidence was held to be insufficient to support a judgment. Upon the second appeal in *Holmes*

[203 S.W.2d 233 (Eastland, Tex.Civ.App., 1947, error ref. n. r. e.)], the evidence was considered again and the jury finding of negligence was found to "rest upon nothing more substantial than guess and conjecture." (203 S.W.2d at p. 238)

In Williams v. Rearick, 218 S.W.2d 225, 229 (Amarillo, Tex.Civ.App., 1949, no writ), we find one of the more well-reasoned opinions upon the subject, and from this case take this long quotation:

"In testing the sufficiency of the evidence to support the finding, the evidence must be considered most favorable to appellee; but, if the evidence shows that a particular result may possibly have occurred by reason of several different causes, and it is not more reasonably probable that one of the causes was operative rather than the others, a finding of causal relationship between the result and a particular cause cannot be sustained. Davis v. Castile, Tex.Com.App., 257 S.W. 870. If the probative force of evidence be so weak that it raises only a surmise or suspicion of the existence of a fact sought to be established, that evidence in legal contemplation is no evidence and will not support a finding which comprehends the existence of a disputed fact. Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059; Austin v. Neiman, Tex.Com.App., 14 S.W.2d 794. A presumption of fact cannot rest upon a fact presumed, or in other words, one presumption cannot be based upon another presumption nor an inference of fact upon other inferences. Houston Fire & Casualty Ins. Co. v. Biber, Tex.Civ.App., 146 S.W.2d 442; 17 Tex.Jur. 247, Section 57, and other authorities there cited. Facts may be established circumstantially, but the circumstances themselves must be shown by direct evidence, and cannot be inferred from other circumstances; it is not admissible to go into the domain of conjecture and to pile one presumption upon another. Missouri Pac. Ry. Co. v. Porter, 73 Tex. 304, 11 S.W. 324, 325. To establish a fact by cir-

cumstantial evidence the circumstances relied on must have probative force sufficient to constitute the basis of a legal inference and should not be of such character as to permit of purely speculative conclusions. Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W.2d 669, 673. Slight testimony in favor of a party will not support a finding if its probative force be so weak that it only raises a mere surmise or suspicion of the facts sought to be established. Garrett v. Hunt, Tex.Com.App., 283 S.W. 489, 491."

Stephens' testimony as to the defectively lighted vehicle was not connected with either of the defendants. If it had any relevance at all, it was as a circumstance showing or tending to show that the truck driven by Day did not have lights upon it at the time it was struck by Pate. Stephens' evidence was inadmissible for such purpose. Considering it as circumstantial evidence, it was not sufficient to meet the test laid down by our Supreme Court. See: Johnson v. Zurich General Accident & Liability Ins. Co., 146 Tex. 232, 205 S.W.2d 353 (1947); Larson v. Ellison, 147 Tex. 465, 217 S.W.2d 420, 421 (1949).

Pate seeks to infer, from Stephens' testimony, that Day's truck was not lighted at the time of the accident; but, in so contending, he runs afoul of the language found in Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522, 531 (1947), forbidding the pyramiding of inferences:

"An inference may be drawn from a fact proved, but an inference may not be drawn from another inference."

The fact structure of this case is wholly different from that considered by Justice Stephenson of this court in Hernandez v. H. S. Anderson Trucking Co., 370 S.W.2d 909, 911 (Beaumont Tex.Civ.App., 1963, error ref. n. r. e.). We do not consider the language used in *Hernandez* to be applicable here. Richardson v. Impey, 94 S.W.2d 490 (Beaumont Tex.Civ.App., 1936, error dism.), is likewise distinguishable upon the facts. There, in the trial upon the merits, the testimony showed that the driver made no adjustment of his defective trailer after it was seen by the witness Lee "about two miles and a half from the place of the accident." Here, we have no evidence of probative force establishing that the defectively lighted truck seen by Stephens was the truck involved in the accident.

After a careful study of the record, we are of the opinion that the trial court erred in admitting the testimony of Stephens. It was too indefinite and general to have any probative force. It follows, therefore, that the judgment can find no support in the testimony of Stephens.

State Highway Patrolman Harris was called to the scene of the wreck, arriving within what he estimates to have been five or ten minutes after the occurrence and determined that the point of impact was "several feet north of the intersection of Sims Street and Highway #59," by which he said he meant from two to four feet with the impact "reasonably close to the intersection itself." The damage to the Sears vehicle was "all to the rear of the vehicle" while on the other truck it was to the front and the cab of the tractor.

Harris inspected the wiring on the trailer and found it was "loosely fitted. It was connected to the truck all the way down, and it had drops in it. There were places where it was tied or taped and places it had dropped several inches." Upon a test, the rear lights on the trailer could not be made to work, although the lights on the tractor performed satisfactorily. It is a fair summary of Harris' testimony that the wiring to the trailer was old, it was dirty, it looked like old wiring, and it was hanging loose in places. The wiring was connected to the main wiring in the tractor. The trailer had mud flaps with reflectors thereon but there was a road film over the reflectors. The reflectors were "not clean. They were not what you would call muddy, but they were dirty."

By offering other excerpts from the depositions, defendants succeeded in showing, without dispute, that the force of the impact was such as to practically "weld" the two vehicles together, making it necessary to use other trucks to forcibly separate the two vehicles. From this fact, defendants argue that the absence of lights on the trailer after the collision is accounted for by the force of the impact itself.

■ From our unsatisfactory record one fact is clear: there was an accident involving the two trucks and Pate received his injuries. But, "the occurrence of an accident, or a collision, is not of itself evidence of negligence." Rankin v. Nash-Texas Co., 129 Tex. 396, 105 S.W.2d 195, 199 (1937); Thoreson v. Thompson, 431 S.W.2d 341, 344 (Tex.Sup., 1968). In Sharp v. Salazar, 398 S.W.2d 444, 446 (Beaumont Civ.App., 1965, no writ), Chief Justice Parker had occasion to collate the authorities with reference to the venue facts necessary to maintain venue under Subdivision 9a, to which we refer. See also, Calhoun v. Padgett, 409 S.W.2d 890, 892 (Tyler Tex.Civ.App., 1966, no writ).

■ Pate offered no evidence to support the findings that Sears was negligent with respect to the allegations contained in paragraphs A and B (supra), or that the alleged negligence proximately caused the accident. Sears' counsel offered into evidence a portion of Sears' deposition which indicated that there was some inspection of the equipment made by Sears on the afternoon preceding the occurrence. Granted that the trial court was not required to accept this testimony as conclusive, and that it was not required to find in accordance therewith, nevertheless, the trial court was not authorized or permitted to find contrary thereto. R. T. Herrin Petroleum Trans. Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422, 427 (1960); Safeway Stores, Inc. v. White, 162 Tex. 473, 348 S.W.2d 162, 165 (1961); Brown v. Vigeon, 367 S.W.2d 727, 729 (Beaumont Tex.Civ. App., 1963, error ref., n. r. e.).

Pate's problems in this case stem from the fact that while he ran into the rear of a large truck upon a four-lane highway, the reason therefor is wholly unexplained in our record.

About the only testimony supporting the allegation in Subdivision G is the fact that an accident did occur at a point some two to four feet from the intersection near the truck stop. From this meager circumstance, Pate's counsel contends that the record supports the trial court's finding of negligence and proximate cause. We have previously mentioned the fact that the happening of the accident, of and in itself, is no evidence of negligence. Harris' testimony as to the point of impact, standing alone as it does, was but a scintilla of evidence.

The language used by Chief Justice Calvert in Seideneck v. Cal Bayreuther Associates, 451 S.W.2d 752 (1970) is peculiarly appropriate:

"In this case, as often happens, the question of whether there is more than a scintilla of evidence to support the finding of a vital fact is close. There is, perhaps, a glimmer of evidence to support the plaintiffs' position that the rug presented an unreasonable risk of harm and that such danger should have been known to and appreciated by the defendants. But we think, and so hold, that the evidence as it appears in the record of this case falls within the scope of the rule announced in Joske v. Irvine, 91 Tex. 574, 44 S.W. 1059 (1898), to the effect that when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, such evidence is in legal effect no evidence, and it will not support a verdict or judgment. See Calvert, 'No Evidence' and 'Insufficient Evidence' Points of Error, 38 Texas L.Rev. 361 (1960)."

Being of the opinion that while "there is, perhaps, a glimmer of evidence to support plaintiffs' position" that the defend-

ants' truck was not lighted properly, "we think, and so hold" that it does no more than create a mere surmise or suspicion thereof.

 Heretofore, we have discussed only the evidence bearing upon the allegations of negligence and have not mentioned the absolute and complete lack of evidence upon the question of proximate cause. For reasons apparent from our discussion of the facts on negligence, we also sustain defendants' "no" evidence points relating to proximate cause.

The judgment of the trial court overruling the pleas of privilege of the defendants is reversed and judgment here rendered transferring this cause as to both defendants to the District Court of Jasper County, Texas.

Reversed and rendered and cause transferred.