In The 



Court of Appeals



Ninth District of Texas at Beaumont


________________



NO. 09-09-00083-CV


 _____________________



CHRISTUS HEALTH SOUTHEAST TEXAS D/B/A


CHRISTUS ST. MARY HOSPITAL AND DUBUIS HEALTH SYSTEM, INC.


D/B/A DUBUIS HOSPITAL OF PORT ARTHUR, Appellants



V.



PRESTON BROUSSARD, INDIVIDUALLY AND A/N/F OF DOROTHY


BROUSSARD AS WELL A/N/F OF CODY BROUSSARD, Appellees







On Appeal from the 172nd District Court


Jefferson County, Texas


Trial Cause No. E-179,564






OPINION



 Christus Health Southeast Texas, d/b/a Christus St. Mary Hospital, and Dubuis Health
System, Inc., d/b/a Dubuis Hospital of Port Arthur, challenge the trial court's order denying
their second motion to dismiss healthcare liability claims. See Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(l) (Vernon Supp. 2009). Because at this stage of the lawsuit the motion
would require the trial court to look beyond the four corners of the expert report to determine
fact issues, the challenge raised in this interlocutory appeal does not support a reversal of the
trial court's order. We affirm the order denying the motion.

Background 


 In their original petition, plaintiffs allege that while Dorothy Broussard was awaiting
discharge from a long-term care facility under the control of Dubuis "and/or" St. Mary, she
suffered a "cardiac incident," dislodged her breathing tube, and sustained a hypoxic brain
injury that resulted in her death. Plaintiffs claim Dubuis and St. Mary failed to safely
monitor and restrain her.

 Plaintiffs served appellants with a copy of an expert report of Dr. Jon D. Peters, a
board-certified neurologist. Dubuis and St. Mary filed motions to dismiss the healthcare
liability claim. Dubuis and St. Mary objected to Peters's report and challenged the expert's
qualifications to render an opinion on the standard of care. St. Mary and Dubuis also argued
the expert's report was deficient because Peters "use[d] vague and conclusory statements to
discuss the standards of care, and the alleged breaches of those standards of care."

 In a prior opinion, this Court held that the trial court erred in overruling the objections
to the expert report because the report and curriculum vitae did not show sufficient expertise
to render "administrative decisions" criticized in the report. See Christus Health Se. Tex. v.
Broussard, 267 S.W.3d 531, 536 (Tex. App.--Beaumont 2008, no pet.). We remanded the
case for the trial court to consider whether to grant an extension of time to cure the
deficiencies. See id. at 536-37. 

 The trial court granted appellees a thirty-day extension of time to cure the deficiencies. 
After plaintiffs served an amended report on the defendants, St. Mary and Dubuis filed
objections and a second motion to dismiss. The trial court denied appellants' motion. St.
Mary and Dubuis then filed this appeal.

Standard of Review


 An appellate court reviews a trial court's decision regarding the adequacy of an expert
report under an abuse of discretion standard. Am. Transitional Care Ctrs. of Tex., Inc. v.
Palacios, 46 S.W.3d 873, 877 (Tex. 2001). A trial court abuses its discretion if it acts 
arbitrarily or unreasonably without reference to any guiding rules or principles. Bowie Mem'l
Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). 

 A plaintiff asserting a healthcare liability claim must provide each defendant physician
and healthcare provider with an expert report no later than the 120th day after filing suit. 
Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2009). The statute defines
"expert report" as

 a written report by an expert that provides a fair summary of the expert's
opinions as of the date of the report regarding applicable standards of care, the
manner in which the care rendered by the physician or health care provider
failed to meet the standards, and the causal relationship between that failure
and the injury, harm, or damages claimed.


Id. § 74.351(r)(6) (Vernon Supp. 2009). When a plaintiff furnishes the report within the time
permitted, the defendant may file a motion challenging the report. Id. § 74.351(l). 

 The statute provides that the trial court "shall grant a motion challenging the adequacy
of an expert report only if it appears to the court, after hearing, that the report does not
represent an objective good faith effort to comply with the definition of an expert report in
Subsection (r)(6)." Id. When determining whether the report represents a good-faith effort
to comply with the statutory requirements, the trial court's inquiry is limited to the four
corners of the report. Wright, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 878. To constitute
a good-faith effort, the report "must discuss the standard of care, breach, and causation with
sufficient specificity to inform the defendant of the conduct the plaintiff has called into
question and to provide a basis for the trial court to conclude that the claims have merit." 
Palacios, 46 S.W.3d at 875. 

The Second Motion to Dismiss: "False Facts"


 In one issue, appellants contend the trial court abused its discretion in denying their
second motion to dismiss because the amended expert report does not meet the statutory
requirements of section 74.351 of the Texas Civil Practice and Remedies Code. Appellants
argue on appeal that the amended report does not distinguish between the standard of care,
breach, and causation applicable to each of the two appellants, and that the amended report
relies on false facts. Appellees respond that appellants may not raise on appeal objections
not made in the trial court. Appellees argue that appellants' challenge to the sufficiency of
the amended report in the trial court focused on the expert's reliance on facts appellants
claim are false.

 The record reflects that, in the second motion to dismiss, appellants argued the
amended report was not an expert report within section 74.351's 120-day meaning, because
the "amended report contains numerous factual errors such that it does not inform
Defendants of the standard of care, how the standard of care was breached, or how each
Defendant's breach caused Plaintiffs' injuries." It appears the motion sought to focus the
trial court's attention on the fact that the expert report erroneously states the defendants' roles
related to Broussard's health care. Any other objection not made was waived. See Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(a) ("Each defendant physician or health care provider
whose conduct is implicated in a report must file and serve any objection to the sufficiency
of the report not later than the 21st day after the date it was served, failing which all
objections are waived."); see also Tex. R. App. P. 33.1(a) (requiring objection to be specific);
Springer v. Johnson, 280 S.W.3d 322, 334 (Tex. App.--Amarillo 2008, no pet.) (holding
objection to report not raised in trial court was waived); Williams v. Mora, 264 S.W.3d 888,
890-91 (Tex. App.--Waco 2008, no pet.) (holding that when defendant's only timely filed
objections to expert report were that two statements were speculative, defendant waived all
other objections). 

 The movants argued that the amended report relied on false facts and, for that reason,
did not inform the defendants sufficiently. Appellants assert Broussard was never a patient
at St. Mary, and Dubuis is not the parent institution for St. Mary. Appellants argue that the
only way to disprove the lack of medical treatment by St. Mary is through an affidavit
attached to their motion objecting to the sufficiency of the amended report. A business
director for St. Mary attested to the nonexistence of patient records for Broussard. Appellees
objected to the affidavit on the basis that the trial court is limited in its sufficiency
determination to the four corners of the expert's report.

 Although appellants agree that a court is limited to the four corners of the expert
report when considering the sufficiency of the report, they cite Baptist Hospitals of Southeast
Texas v. Carter, No. 09-08-067 CV, 2008 WL 2917109, at *3 n.4 (Tex. App.--Beaumont July
31, 2008, no pet.) (mem. op.), and Packard v. Guerra, 252 S.W.3d 511, 533 (Tex. App.--Houston [14th Dist.] 2008, pet. denied), in support of their argument that the affidavit should
be considered. In Carter, this Court held that "[w]hile a court cannot go outside the expert's
report in order to supply information that is statutorily required to be within it," specific
medical records that the expert report states were reviewed and relied on by the expert, and
that were presented to the trial court, may be relevant in determining "whether the report
presents a fair summary of the factual basis of the expert's opinion." Carter, 2008 WL
2917109, at *3 n.4. In Packard, the Fourteenth Court of Appeals held that the trial court
properly considered an expert report by a lawyer who "connected the dots" between entities
and their responsibilities and so enabled the physician experts to prepare sufficient reports
as to each defendant. Packard, 252 S.W.3d at 533. The Fourteenth Court of Appeals
explained that the trial court's consideration of the lawyer's expert report was not contrary
to Palacios's holding prohibiting the trial court from going outside the four corners of an
expert report to rely on extrinsic data:

 [H]ere we are considering facts relevant to the standard of care, breach, and
causation, given by an expert recognized under sections 74.401(d) and
74.402(d), and placed in a report recognized as an expert report in section
74.351(r)(5)(A)-(B). Although these facts themselves do not establish the
standard of care, breach, and causation, they enabled the medical experts to set
the standard of care, breach, and causation for appellants. Because [the
lawyer's expert] report is no different from the expert reports of the doctors,
they--and we--may refer to and rely on the [lawyer's expert] report.


Id. 

 In this case, however, the affidavit appellants asked the trial court to consider in
determining the sufficiency of Peters's report was not a report of another expert relied on by
Peters, nor was it a medical record reviewed and referenced by the expert in the report. 
Furthermore, the medical records reviewed by Peters were not presented to the trial court and
are not in the appellate record. Carter and Packard do not directly support the "false facts"
attack made here. 

The "And/Or" Pleadings


 In determining the adequacy of a report, the trial court reviews the pleadings to
determine the claims alleged, and whether the report addresses those claims. See Windsor
v. Maxwell, 121 S.W.3d 42, 51 (Tex. App.--Fort Worth 2003, pet. denied); see also Querry
v. Sanders, No. 06-08-00099-CV, 2009 WL 1097904, at *6 (Tex. App.--Texarkana Apr. 24,
2009, no pet) (mem. op.). Here, plaintiffs' petition alleges in part:

 6.2 On February 17, 2005, Mrs. Broussard was transferred via ambulance to
the long term care facility located on the third floor of Christus Southeast
Texas d/b/a Christus St. Mary Hospital. Upon information and belief,
Plaintiffs submit that the long term care facility is operated by Christus
Southeast Texas d/b/a Christus St. Mary Hospital and/or Dubuis Health
System, Inc. d/b/a Dubuis Hospital of Port Arthur. At all times material
hereto, the long term care facility was under the exclusive control and
supervision of Christus Southeast Texas d/b/a Christus St. Mary Hospital
and/or Dubuis Health System, Inc. d/b/a Dubuis Hospital of Port Arthur. Mrs.
Broussard would remain an in-house patient of the long term care facility at St.
Mary's Hospital until the day she died.

 . . . .

 7.2 Direct Negligence of Hospital and/or Long Term Care Facility

 Plaintiffs would show that Christus Southeast Texas d/b/a Christus St.
Mary Hospital, and/or Dubuis Health System d/b/a Dubuis Hospital of Port
Arthur, were the owners and/or operators of the long term care facility located
on the third floor of the hospital.


Indecisively, plaintiffs' pleading asserts either Dubuis or St. Mary, or Dubuis and St. Mary,
treated Broussard. (1) 

 The expert report similarly asserts both Dubuis and St. Mary treated Broussard. The
amended report begins by identifying the entities together as "Christus St. Mary
Hospital/Dubuis Health System." The "patient history" portion of the report identifies St.
Mary as the "long term care facility." The "standard of care" refers to the "medical service
provider," and the "breach" section is the same for both entities, other than in identifying
Dubuis as the "parent institution." The "causation" section refers to "the hospital" without
further clarification. Essentially, the report asserts both facilities breached the same standard
in the same way. 

 The report does not address a direct negligence claim against an entity that did not
treat Broussard. St. Mary filed a verified answer to appellants' petition and asserted that it
was not liable in the capacity sued because it had not treated Broussard during the time
period alleged. The challenge to the sufficiency of the report was based on the assertion that
the expert relied on false facts; fact issues were presented to the trial court by affidavit and
exhibits in the second motion to dismiss. In the motion, appellants claimed Broussard was
never a patient at St. Mary, and Dubuis is not the parent institution of St. Mary. 
Inconsistently, the report states, as did the plaintiffs' pleading in part, both entities treated
Broussard. Nevertheless -- bound by the limits of the review currently permitted in ruling
on the defendants' motion -- the trial court could not look beyond the four corners of the
report at this stage to determine whether the facts asserted in the pleading and the report were
false. See Wright, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 878. 

Conclusion


 The Rules of Civil Procedure provide remedies for the assertion of false facts. A
court may consider a Rule 13 motion asserting that the pleadings are groundless. See Tex.
R. Civ. P. 13. A defendant who has no connection to the case has a remedy through a motion
for summary judgment. See Tex. R. Civ. P. 166a. The issues asserted by appellants are not
determinable in this appeal on the record presented, however. Because defendants' motion
asked the trial court to look beyond the four corners of the report and determine fact issues
based on an affidavit and documents not reviewed or relied on by the expert, the trial court
did not abuse its discretion in denying the motion to dismiss. See Wright, 79 S.W.3d at 52;
Palacios, 46 S.W.3d at 878. We affirm the trial court's order. 

 AFFIRMED.


 ______________________________

 DAVID GAULTNEY

 Justice

Submitted on October 29, 2009

Opinion Delivered February 25, 2010


Before Gaultney, Kreger, and Horton, JJ.
1. See Willis Sears Trucking Co. v. Pate, 452 S.W.2d 782, 784 (Tex. Civ. App.--Beaumont 1970, no writ) (pleading "and/or" violated rule 45(b)'s requirement that a pleading
consist of a statement in plain and concise language); see also Tex. R. Civ. P. 45(b); Bryan
A. Garner, A Dictionary of Modern Legal Usage 56 (2d ed. 1995) ("A legal and
business expression dating from the mid-19th century, and/or has been vilified for most of
its life--and rightly so.").