**CITIZENS NATIONAL BANK IN WAXAHACHIE, Petitioner,**

v.

**Terry SCOTT, Respondent.**

No. 05–0454.

Supreme Court of Texas.

June 9, 2006.

Chad Michael Ruback, Godwin Gruber, LLP, Dallas, and John R. Hines III, Waxahachie, for Petitioner.

R. Michael Groom, Groom & Groom, Houston, Terry L. Jacobson, Ron Edmondson, Jacobson Beard & Edmondson, P.C., Corsicana, for Respondent.

Richard B. Engel, Mabank, pro se.

Richard F. Karamatic, Misson, pro se.

PER CURIAM.

This case involves a suit over the alleged nonpayment of a promissory note. On June 23, 2000, Terry Scott, Richard Engel, and Richard Karamatic borrowed $25,250 from Citizens National Bank in Waxahachie (CNB) to be used to cover startup costs for a company called Inoquest Communications. Under the terms of the promissory note that Scott, Engel, and Karamatic signed, repayment on the debt was to be made no later than December 21, 2000.

For several months, it appears that no payments were made on the loan. Then, on October 31, 2000, Engel allegedly instructed Albert Garcia, a bank employee, to pay off the note with "funds from another account." Garcia initiated an internal funds transfer in the amount of $26,267.10 from a $300,000 line of credit Inoquest had established with CNB to pay the balance of the note. Later that day, Engel called Garcia again and instructed him to reverse the transaction. Garcia complied with this instruction and returned the funds to the Inoquest account.

On January 3, 2001, Engel (who was also serving as a general partner at Inoquest) sent Scott a letter informing him that the promissory note had been paid off. However, Scott soon received another letter—this time from CNB—stating that the promissory note had matured and that payment was due immediately. Scott responded to CNB's letter by telling the bank that Engel informed Scott that the loan was paid off. Scott also requested all correspondence pertaining to the note. The bank did not respond to this request.

Instead, in May 2001, CNB filed suit against Scott, Engel, and Karamatic to recover the loan amount, interest, and attorney's fees. Scott filed a general denial and asserted the affirmative defense of payment. In addition, Scott filed a coun-

terclaim seeking a declaratory judgment that the debt had been discharged and requesting attorney's fees.

After conducting a one-day bench trial, the trial court entered judgment in favor of CNB against Scott, Engel, and Karamatic in the amount of $32,176.27 plus attorney's fees. In its findings of fact, the trial court stated that there had been no payment on the note. Scott then filed his notice of appeal. Defendants Engel and Karamatic did not appeal the trial court's judgment.

In a very brief memorandum opinion, the Tenth Court of Appeals reversed the trial court's judgment and rendered judgment in favor of Scott. —— S.W.3d ——, 2005 WL 762585 (Tex.App.-Waco 2005) (mem.op.). Although Scott had raised six discrete issues before the court, the court chose to treat all of the arguments under the general subheading of "legal sufficiency." *Id.* After recounting the facts and citing the appropriate case law for a legal sufficiency analysis, the court of appeals offered its entire justification for reversing the trial court's judgment in a single paragraph:

> After a thorough review of the entire record, we find that the evidence conclusively establishes, as a matter of law, all vital facts to support a finding of payment. We must sustain Scott's legal sufficiency issues because the evidence conclusively establishes the opposite of a vital fact found by the trial judge (*i.e.,* nonpayment).

*Id.* (citations omitted). While we understand that memorandum opinions are intended to be brief in scope and "no longer than necessary to advise the parties of the court's decision and the basic reasons for it," TEX. R. APP. P. 47.4, the lower court's decision here exceeds what is permissible by failing to give any reason whatsoever for its conclusion that the evidence established a finding of nonpayment. *See Gonzalez v. McAllen Med. Ctr.,* 195 S.W.3d 680, 2006 WL 1562847 (Tex.2006) (holding that a memorandum opinion merely advising the parties of the court's decision but failing to articulate any reason for that decision does not comply with Texas Rule of Appellate Procedure 47.4). When a court of appeals disturbs the judgment of a lower tribunal, merely saying that the court has reviewed all the evidence and reaching a conclusion contrary to that of the trier of fact is not enough. Instead, the court should explain, with specificity, why it has substituted its judgment for that of the trial court. The court of appeals failed to do so here. Accordingly, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse the court of appeals' judgment and remand the case to that court for more detailed consideration.