CHRISTUS HEALTH SOUTHEAST TEXAS d/b/a Christus St. Mary Hospital and Dubuis Health System, Inc. d/b/a Dubuis Hospital of Port Arthur, Appellants,

v.

Preston BROUSSARD, Individually and a/n/f of Dorothy Broussard as well a/n/f of Cody Broussard, Appellees.

No. 09–09–00083–CV.

Court of Appeals of Texas, Beaumont.

Submitted on Oct. 29, 2009.

Decided Feb. 25, 2010.

---

1. To avoid this problem, the Department should have appeared at the hearing.

Erin E. Lunceford, Sprott, Rigby, Newsome, Robbins, Lunceford & Bell, P.C., Houston, for appellants.

David W. Ghisalbert, John C. Osborne, Law Office of John C. Osborne, P.L.L.C., Houston, for appellees.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

DAVID GAULTNEY, Justice.

Christus Health Southeast Texas, d/b/a Christus St. Mary Hospital, and Dubuis Health System, Inc., d/b/a Dubuis Hospital of Port Arthur, challenge the trial court's order denying their second motion to dismiss healthcare liability claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(*l*) (Vernon Supp. 2009). Because at this stage of the lawsuit the motion would require the trial court to look beyond the four corners of the expert report to determine fact issues, the challenge raised in this interlocutory appeal does not support a reversal of the trial court's order. We affirm the order denying the motion.

### BACKGROUND

In their original petition, plaintiffs allege that while Dorothy Broussard was awaiting discharge from a long-term care facility under the control of Dubuis "and/or" St. Mary, she suffered a "cardiac incident," dislodged her breathing tube, and sustained a hypoxic brain injury that resulted in her death. Plaintiffs claim Dubuis and St. Mary failed to safely monitor and restrain her.

Plaintiffs served appellants with a copy of an expert report of Dr. Jon D. Peters, a board-certified neurologist. Dubuis and St. Mary filed motions to dismiss the healthcare liability claim. Dubuis and St. Mary objected to Peters's report and challenged the expert's qualifications to render an opinion on the standard of care. St. Mary and Dubuis also argued the expert's report was deficient because Peters "use[d] vague and conclusory statements to discuss the standards of care, and the alleged breaches of those standards of care."

In a prior opinion, this Court held that the trial court erred in overruling the ob-

jections to the expert report because the report and curriculum vitae did not show sufficient expertise to render "administrative decisions" criticized in the report. *See Christus Health Se. Tex. v. Broussard,* 267 S.W.3d 531, 536 (Tex.App.-Beaumont 2008, no pet.). We remanded the case for the trial court to consider whether to grant an extension of time to cure the deficiencies. *See id.* at 536–37.

The trial court granted appellees a thirty-day extension of time to cure the deficiencies. After plaintiffs served an amended report on the defendants, St. Mary and Dubuis filed objections and a second motion to dismiss. The trial court denied appellants' motion. St. Mary and Dubuis then filed this appeal.

## STANDARD OF REVIEW

An appellate court reviews a trial court's decision regarding the adequacy of an expert report under an abuse of discretion standard. *Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 877 (Tex.2001). A trial court abuses its discretion if it acts arbitrarily or unreasonably without reference to any guiding rules or principles. *Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex.2002).

A plaintiff asserting a healthcare liability claim must provide each defendant physician and healthcare provider with an expert report no later than the 120th day after filing suit. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (Vernon Supp. 2009). The statute defines "expert report" as

> a written report by an expert that provides a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure

and the injury, harm, or damages claimed.

*Id.* § 74.351(r)(6) (Vernon Supp. 2009). When a plaintiff furnishes the report within the time permitted, the defendant may file a motion challenging the report. *Id.* § 74.351(*l*).

The statute provides that the trial court "shall grant a motion challenging the adequacy of an expert report only if it appears to the court, after hearing, that the report does not represent an objective good faith effort to comply with the definition of an expert report in Subsection (r)(6)." *Id.* When determining whether the report represents a good-faith effort to comply with the statutory requirements, the trial court's inquiry is limited to the four corners of the report. *Wright,* 79 S.W.3d at 52; *Palacios,* 46 S.W.3d at 878. To constitute a good-faith effort, the report "must discuss the standard of care, breach, and causation with sufficient specificity to inform the defendant of the conduct the plaintiff has called into question and to provide a basis for the trial court to conclude that the claims have merit." *Palacios,* 46 S.W.3d at 875.

## THE SECOND MOTION TO DISMISS: "FALSE FACTS"

■ In one issue, appellants contend the trial court abused its discretion in denying their second motion to dismiss because the amended expert report does not meet the statutory requirements of section 74.351 of the Texas Civil Practice and Remedies Code. Appellants argue on appeal that the amended report does not distinguish between the standard of care, breach, and causation applicable to each of the two appellants, and that the amended report relies on false facts. Appellees respond that appellants may not raise on appeal objections not made in the trial court. Appellees argue that appellants'

challenge to the sufficiency of the amended report in the trial court focused on the expert's reliance on facts appellants claim are false.

The record reflects that, in the second motion to dismiss, appellants argued the amended report was not an expert report within section 74.351's 120–day meaning, because the "amended report contains numerous factual errors such that it does not inform Defendants of the standard of care, how the standard of care was breached, or how each Defendant's breach caused Plaintiffs' injuries." It appears the motion sought to focus the trial court's attention on the fact that the expert report erroneously states the defendants' roles related to Broussard's health care. Any other objection not made was waived. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) ("Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived."); *see also* TEX.R.APP. P. 33.1(a) (requiring objection to be specific); *Springer v. Johnson*, 280 S.W.3d 322, 334 (Tex.App.-Amarillo 2008, no pet.) (holding objection to report not raised in trial court was waived); *Williams v. Mora*, 264 S.W.3d 888, 890–91 (Tex.App.-Waco 2008, no pet.) (holding that when defendant's only timely filed objections to expert report were that two statements were speculative, defendant waived all other objections).

The movants argued that the amended report relied on false facts and, for that reason, did not inform the defendants sufficiently. Appellants assert Broussard was never a patient at St. Mary, and Dubuis is not the parent institution for St. Mary. Appellants argue that the only way to disprove the lack of medical treatment by St. Mary is through an affidavit attached to their motion objecting to the sufficiency of the amended report. A business director for St. Mary attested to the nonexistence of patient records for Broussard. Appellees objected to the affidavit on the basis that the trial court is limited in its sufficiency determination to the four corners of the expert's report.

Although appellants agree that a court is limited to the four corners of the expert report when considering the sufficiency of the report, they cite *Baptist Hospitals of Southeast Texas v. Carter*, No. 09–08–067 CV, 2008 WL 2917109, at *3 n. 4 (Tex. App.-Beaumont July 31, 2008, no pet.) (mem. op.), and *Packard v. Guerra*, 252 S.W.3d 511, 533 (Tex.App.-Houston [14th Dist.] 2008, pet. denied), in support of their argument that the affidavit should be considered. In *Carter*, this Court held that "[w]hile a court cannot go outside the expert's report in order to supply information that is statutorily required to be within it," specific medical records that the expert report states were reviewed and relied on by the expert, and that were presented to the trial court, may be relevant in determining "whether the report presents a fair summary of the factual basis of the expert's opinion." *Carter*, 2008 WL 2917109, at *3 n. 4. In *Packard*, the Fourteenth Court of Appeals held that the trial court properly considered an expert report by a lawyer who "connected the dots" between entities and their responsibilities and so enabled the physician experts to prepare sufficient reports as to each defendant. *Packard*, 252 S.W.3d at 533. The Fourteenth Court of Appeals explained that the trial court's consideration of the lawyer's expert report was not contrary to *Palacios*'s holding prohibiting the trial court from going outside the four corners of an expert report to rely on extrinsic data:

[H]ere we are considering facts relevant to the standard of care, breach, and causation, given by an expert recognized under sections 74.401(d) and 74.402(d), and placed in a report recognized as an expert report in section 74.351(r)(5)(A)-(B). Although these facts themselves do not establish the standard of care, breach, and causation, they enabled the medical experts to set the standard of care, breach, and causation for appellants. Because [the lawyer's expert] report is no different from the expert reports of the doctors, they—and we—may refer to and rely on the [lawyer's expert] report.

*Id.*

In this case, however, the affidavit appellants asked the trial court to consider in determining the sufficiency of Peters's report was not a report of another expert relied on by Peters, nor was it a medical record reviewed and referenced by the expert in the report. Furthermore, the medical records reviewed by Peters were not presented to the trial court and are not in the appellate record. *Carter* and *Packard* do not directly support the "false facts" attack made here.

## THE "AND/OR" PLEADINGS

█ In determining the adequacy of a report, the trial court reviews the pleadings to determine the claims alleged, and whether the report addresses those claims. *See Windsor v. Maxwell,* 121 S.W.3d 42, 51 (Tex.App.-Fort Worth 2003, pet. denied); *see also Querry v. Sanders,* No. 06–08–00099–CV, 2009 WL 1097904, at *6 (Tex.App.-Texarkana Apr. 24, 2009, no pet.)

(mem. op.). Here, plaintiffs' petition alleges in part:

6.2 On February 17, 2005, Mrs. Broussard was transferred via ambulance to the long term care facility located on the third floor of Christus Southeast Texas d/b/a Christus St. Mary Hospital. Upon information and belief, Plaintiffs submit that the long term care facility is operated by Christus Southeast Texas d/b/a Christus St. Mary Hospital and/or Dubuis Health System, Inc. d/b/a Dubuis Hospital of Port Arthur. At all times material hereto, the long term care facility was under the exclusive control and supervision of Christus Southeast Texas d/b/a Christus St. Mary Hospital and/or Dubuis Health System, Inc. d/b/a Dubuis Hospital of Port Arthur. Mrs. Broussard would remain an in-house patient of the long term care facility at St. Mary's Hospital until the day she died.

. . . .

7.2 Direct Negligence of Hospital and/or Long Term Care Facility

Plaintiffs would show that Christus Southeast Texas d/b/a Christus St. Mary Hospital, and/or Dubuis Health System d/b/a Dubuis Hospital of Port Arthur, were the owners and/or operators of the long term care facility located on the third floor of the hospital.

Indecisively, plaintiffs' pleading asserts either Dubuis or St. Mary, or Dubuis and St. Mary, treated Broussard.[1]

The expert report similarly asserts both Dubuis and St. Mary treated Broussard. The amended report begins by identifying the entities together as "Christus St. Mary Hospital/Dubuis Health System." The

1. *See Willis Sears Trucking Co. v. Pate,* 452 S.W.2d 782, 784 (Tex.Civ.App.-Beaumont 1970, no writ) (pleading "and/or" violated rule 45(b)'s requirement that a pleading consist of a statement in plain and concise language); *see also* Tex.R. Civ. P. 45(b); Bryan A.

Garner, A Dictionary of Modern Legal Usage 56 (2d ed. 1995) ("A legal and business expression dating from the mid–19th century, *and/or* has been vilified for most of its life—and rightly so.").

"patient history" portion of the report identifies St. Mary as the "long term care facility." The "standard of care" refers to the "medical service provider," and the "breach" section is the same for both entities, other than in identifying Dubuis as the "parent institution." The "causation" section refers to "the hospital" without further clarification. Essentially, the report asserts both facilities breached the same standard in the same way.

The report does not address a direct negligence claim against an entity that did not treat Broussard. St. Mary filed a verified answer to appellants' petition and asserted that it was not liable in the capacity sued because it had not treated Broussard during the time period alleged. The challenge to the sufficiency of the report was based on the assertion that the expert relied on false facts; fact issues were presented to the trial court by affidavit and exhibits in the second motion to dismiss. In the motion, appellants claimed Broussard was never a patient at St. Mary, and Dubuis is not the parent institution of St. Mary. Inconsistently, the report states, as did the plaintiffs' pleading in part, both entities treated Broussard. Nevertheless—bound by the limits of the review currently permitted in ruling on the defendants' motion—the trial court could not look beyond the four corners of the report at this stage to determine whether the facts asserted in the pleading and the report were false. *See Wright*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878.

### CONCLUSION

The Rules of Civil Procedure provide remedies for the assertion of false facts. A court may consider a Rule 13 motion asserting that the pleadings are groundless. *See* TEX.R. CIV. P. 13. A defendant who has no connection to the case has a remedy through a motion for summary judgment. *See* TEX.R. CIV. P. 166a. The issues asserted by appellants are not determinable in this appeal on the record presented, however. Because defendants' motion asked the trial court to look beyond the four corners of the report and determine fact issues based on an affidavit and documents not reviewed or relied on by the expert, the trial court did not abuse its discretion in denying the motion to dismiss. *See Wright*, 79 S.W.3d at 52; *Palacios*, 46 S.W.3d at 878. We affirm the trial court's order.

AFFIRMED.