**In re UNITED SCAFFOLDING, INC.**

No. 09–10–00172–CV.

Court of Appeals of Texas, Beaumont.

Submitted April 26, 2010.

Decided June 24, 2010.

Kathleen M. Kennedy, Mehaffy Weber, P.C., Beaumont, for relator.

Timothy W. Ferguson, Dominic M.V. Braus, Ferguson Firm, Beaumont, for real parties in interest.

Before McKEITHEN, C.J., GAULTNEY and KREGER, JJ.

**OPINION**

STEVE McKEITHEN, Chief Justice.

This mandamus proceeding requires this Court to determine whether the trial court complied with the Supreme Court's directive that the trial court specify its reasons for disregarding the jury's verdict and ordering a new trial. *See In re United Scaffolding, Inc.,* 301 S.W.3d 661 (Tex. 2010).

■ Although the Rules of Civil Procedure afford the trial court considerable discretion to set aside a jury verdict, the trial court cannot merely state that its order is in the interest of justice. *See In re Columbia Med. Ctr.,* 290 S.W.3d 204, 210–15 (Tex.2009). The order must state specific reasons for refusing to render judgment on the jury's verdict and for granting a new trial. *Id.* at 212–15. The trial court's failure to state specific reasons for its ruling is correctable by mandamus. *Id.* at 215.

■ In this petition for writ of mandamus, United Scaffolding, Inc. contends the trial court abused its discretion by granting a motion for new trial filed by James Levine and Lisa Levine after a jury rendered a verdict in the underlying proceeding. In its amended order granting a new trial, the trial court states as follows:

> After re-considering Plaintiff James and Lisa Levine's Motion for New Trial,

the Court GRANTS the motion and orders New Trial based upon:

 A. The jury's answer to question number three (3) is against the great weight and preponderance of the evidence; and/or

 B. The great weight and preponderance of the evidence supports a finding that the determined negligence of Defendant was a proximate cause of injury in the past to Plaintiff, James Levine; and/or

 C. The great weight and preponderance of the evidence supports a finding that the determined negligence of Defendant supports an award of past damages; and/or

 D. In the interest of justice and fairness.

United Scaffolding complains that the amended order suffers from the same lack of specificity that plagued the original order, which the trial court granted "in the interest of justice and fairness" without identifying the particular injustice or wrongdoing that occurred in the case. *See In re United Scaffolding*, 301 S.W.3d at 662–63. This time, however, the trial court identified the specific question that the trial court ruled was against the great weight and preponderance of the evidence and explained why the jury's verdict should be set aside. The jury charge contained three questions: (1) Question one required the jury to find whether any negligence of United Scaffolding and James Levine was a proximate cause of the occurrence in question; (2) Question two apportioned negligence between United Scaffolding and James Levine; and (3) Question three contained twelve separate categories of damages. The jury found United Scaffolding to be negligent, and the trial court found that finding was supported by the great weight and preponderance of the evidence. Although the

jury found James Levine would in reasonable probability incur expenses of $178,000 for future medical care, the jury failed to find any past damages, and the trial court determined that the great weight and preponderance of the evidence supports an award of past damages.

United Scaffolding argues the trial court's use of the term "and/or" renders the order too uncertain and indefinite to satisfy the specificity required by *In re Columbia Medical Center. Id.*, 290 S.W.3d at 215. This Court has criticized the use of "and/or" in legal writing precisely because it fails to state matters in plain and concise language. *See Christus Health Se. Tex. v. Broussard*, 306 S.W.3d 934, 938 & n. 1 (Tex.App.-Beaumont 2010, no pet.); *Willis Sears Trucking Co. v. Pate*, 452 S.W.2d 782, 784 (Tex.Civ.App.-Beaumont 1970, no writ). The question here is whether the use of "and/or" in the trial court's order renders that order so vague that the relator cannot determine why it has been deprived of its jury verdict. *See In re Columbia Med. Ctr.*, 290 S.W.3d at 213, 215. Read in the context of this particular order, "and/or" can be understood to mean that the trial court made each finding separately and that the trial court granted the motion for new trial based upon the collective force of all of the findings together. A reasonable reading of the order granting a new trial informs parties that the trial court found that because the great weight and preponderance of the evidence supported a finding that United Scaffolding's negligence was a proximate cause of James Levine's injuries (as found by the jury in answer to Question One), but the great weight and preponderance of the evidence also supported a finding of past damages, (which the jury failed to find in its answer to Question Three), the jury's damages findings in Question Three were against the great

weight and preponderance of the evidence, and the interest of justice requires a new trial. The trial court certainly could have articulated its reasons for granting a new trial more clearly, but this order is not so vague that the trial court's reasons for its ruling are known only to the trial court.

■ United Scaffolding suggests that an order granting a new trial must state the trial court's specific reasons for granting the new trial "with reference to the evidence." For this guiding principle, United Scaffolding cites three cases: *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 407 (Tex.1998); *Quick v. Crane,* 111 Idaho 759, 727 P.2d 1187, 1200–01 (1986); and *Scott v. Monsanto Co.,* 868 F.2d 786, 791 (5th Cir.1989). These cases do not expressly require a trial court to discuss the evidence in an order granting a motion for new trial.

*Quick* concerned the denial of a motion for new trial. *Quick,* 727 P.2d at 1190–91, 1200. The court's holding extended to the denial of a motion for new trial a preexisting rule that required the trial court to "indicate the grounds upon which he relies when he grants a new trial." *Id.,* 727 P.2d at 1201. The court's opinion criticized the trial court's order overruling the motion for new trial because that order failed to reference the applicable rule or the language contained in that rule. *Id.,* 727 P.2d at 1199. Ultimately, the reviewing court required the trial court to "distinguish between the various motions and the grounds upon which they are based, and not … simply lump them all together and issue a general grant or denial." *Id.,* 727 P.2d at 1201. In *Quick,* the trial court erred because it failed to state the legal basis for its order and not because the trial court failed to articulate the facts that supported granting a new trial.

In *Scott,* a PCB exposure case, the trial court granted the plaintiffs' motion for new

trial and dismissed all claims of all plaintiffs for lack of jurisdiction. *Scott,* 868 F.2d at 788. The trial court expressed its inclination to grant a new trial to avert what it called a miscarriage of justice. *Id.,* at 789. In the trial court's view, "the evidence left no question that the plaintiffs were exposed to PCBs and that PCBs had a detrimental effect on their health." *Id.* Although the trial court considered none of the grounds asserted by the plaintiffs to be a sufficient basis upon which to grant a new trial, the trial court expressed its view that the "combined effect of the 'grounds taken together, plus the miscarriage of justice' influenced the district court's decision to grant the plaintiffs' motion for a new trial." *Id.* On appeal, the reviewing court examined the record and explained why the trial court erred in granting the motion for new trial without discussing the adequacy of the order granting it. *Id.,* 868 F.2d at 789–92. In *Scott,* the trial court erred because it granted a new trial, not because it failed to discuss the evidence in its order granting a new trial.

■ *Ellis* concerns the intermediate appellate court's duty to detail all of the evidence relevant to the issue when the appellate court reverses a trial court judgment for factual insufficiency. *Ellis,* 971 S.W.2d at 407. When reviewing a case for factual sufficiency, an intermediate appellate court must reveal the mental processes that led to a reversal so that the Supreme Court will be able to determine that the standard of review has been properly applied and the appellate court has not merely substituted its view of the evidence for that of the jury. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 634–35 (Tex.1986). When it considers a motion for new trial, the trial court's function is broader and its discretion is wider than that of an intermediate appellate court conducting a factual sufficiency review. *See In re Columbia*

*Med. Ctr.,* 290 S.W.3d at 212–13. The purpose of the order granting a motion for new trial is to announce the trial court's ruling and to show that the ruling has a valid basis. *Id.* Logically, the appellate court's concern when a trial court grants a new trial should focus on the process by which the trial court reached its discretionary decision, not upon the result of that determination. *See Quick,* 727 P.2d at 1200.

In some instances, that process may be sufficiently complex that a detailed explanation of the relevant evidence may be required for the parties to understand why the motion has been granted. In this case, however, the issue concerned the jury's failure to find past medical damages and past pain and suffering when it had also found liability and future medical damages. The motion for new trial and the response discussed the relevant evidence in detail, provided citations to the record, and included references to and excerpts from depositions that had evidently been published to the jury. The Levines argued that the damages awarded were manifestly too small because the medical records reveal an objective injury. United Scaffolding argued that the jury could rationally award future medicals because the injury might aggravate James Levine's pre-existing degenerative condition, but the jury could disallow any other damages because a surveillance video of James Levine washing his car showed he is not presently impaired. The Levines relied upon the testimony of the treating physician who, when asked if the degenerative disc disease became symptomatic after the incident or if the symptoms were from the neck sprain sustained in the incident, replied as follows:

His—well, he's got neck pain. I mean, figuring out what is what is the hard part. He had no indications of a problem with his neck prior to his injury. Following his injury, he has a problem with his neck which is not getting better.

Sprains typically get better. Why this sprain didn't get better, well, in my opinion, it's because of the preexisting degenerative disc disease.

The Levines' counsel argued to the trial court, as follows:

Even if you determine, respectfully I would think would be wrongly, that no fatal conflict exists or that the award of zero damages still is not against the great weight and preponderance of the evidence, even if you determine that, you still have the equitable power to do that and it should be done in this case because here's a guy who had an injury. They were at fault. They gave future medical and then nothing for other elements of damages. It doesn't make sense.

I think I have a feel why they did it, because they got sent back [a] video of the guy washing a red Corvette. And you see it in their response, the red Corvette, the red Corvette. That's probably why they did that.

In response, counsel for United Scaffolding argued that the Levines "have to show that the jury's finding is against the great weight and preponderance of the evidence." Counsel argued that the treating physician did not confirm where the muscle spasms were coming from and noted that the video "does show the Plaintiff detailing his vehicle for over two hours, doing everything that the Plaintiff and his treating doctors said that he was not able to do."

The Levines identified the evidence that supported their motion and suggested the jury had been influenced by an intangible prejudice that led the jury to ignore the objective evidence of injury and award

damages that were manifestly too small. United Scaffolding identified the evidence that supported its response, suggested the jury's verdict resulted from a rational rejection of some of plaintiffs' evidence, and argued that the trial court could grant a new trial only if the evidence was factually insufficient. The trial court considered the evidence presented by the parties, made its ruling, and explained why it would not enter a judgment on the jury's verdict. Because the complaint arises from the post-trial proceedings and not the trial itself, on mandamus review, the parties provided this Court with the record on the motion for new trial but not the record of the trial. From this record, we can determine that the trial court employed the appropriate process in exercising its discretion to grant a new trial. *See* TEX.R. CIV. P. 320. In this case, the trial court's order was reasonably specific without having referred to the particular evidence that influenced the trial court's ruling.

■ United Scaffolding argues that the trial court abused its discretion because the verdict is supported by the evidence. The Supreme Court has not authorized a general interlocutory review of the sufficiency of the evidence. Some guidance can be found in the cases United Scaffolding relies upon to support its argument that the trial court abused its discretion by failing to refer to the evidence in its order. *See Scott,* 868 F.2d at 789–92; *Quick,* 727 P.2d at 1200–01. In its appellate review of the order granting a new trial, the court in *Scott* reasoned that "[i]f the issues are complex, the evidence in contention, or the proceedings marred, the new trial order may be affirmed 'even if on our own review of the "cold record" we are not convinced that the jury verdict was against the great weight of the evidence.'" *Scott,* 868 F.2d at 789–90 (quoting *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 613

(5th Cir.1985)). Furthermore, "[i]t should be emphasized again that the rule that a verdict will not be set aside when it is supported by substantial but conflicting evidence has *no application* to a trial court ruling upon a motion for a new trial." *Quick,* 727 P.2d at 1198 (emphasis in original). In this mandamus review, we are concerned with the process employed by the trial court, not the result. *See In re Columbia Med. Ctr.,* 290 S.W.3d at 211, 213; *Quick,* 727 P.2d at 1200. The record presented to the trial court by the parties does not establish, as was the case in *Scott,* that the trial court merely reached a different result than the jury on highly contested causation evidence. *Scott,* 868 F.2d at 791–92. Rather, the trial court considered the disparity between the evidence presented at trial regarding damages incurred in the past and the jury's verdict, and determined that the interest of justice required a new trial.

Because the order is reasonably specific, the trial court followed the guidance of *In re Columbia Medical Center. See In re Columbia Med. Ctr.,* 290 S.W.3d at 213. The relator has not shown a clear abuse of the trial court's discretion to grant a new trial. Accordingly, we deny the petition for writ of mandamus.

PETITION DENIED.

DAVID GAULTNEY, Justice, dissenting.

If the jury watched a two hour video of the witness doing what he swore he could not do, should the witness be believed? The Supreme Court has said "the jury is the sole judge of the credibility of witnesses and the weight to be given to their testimony." *Golden Eagle Archery, Inc. v. Jackson,* 116 S.W.3d 757, 761 (Tex.2003); *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792, 796 (1951) ("The jury is the exclusive judge of the facts proved, the credibility of

the witnesses and the weight to be given to their testimony.").

"Jury trials are essential to our constitutionally provided method for resolving disputes when parties themselves are unable to do so." *In re Columbia Med. Ctr.*, 290 S.W.3d 204, 211 (Tex.2009). When the trial judge decides credibility issues differently from the jury and sets aside the jury's verdict on that basis alone, the judge acts in an area normally reserved for the jury. A jury, like any decision-maker, may be wrong, and a trial court's grant of a new trial to prevent injustice does not usurp the function of the jury as the trier of facts. *See Lind v. Schenley Indus., Inc.*, 278 F.2d 79, 90 (3rd.Cir.1960). Judicial control ensures a fair jury trial.

> But where no undesirable or pernicious element has occurred or been introduced into the trial and the trial judge nonetheless grants a new trial on the ground that the verdict was against the weight of the evidence, the trial judge in negating the jury's verdict has, to some extent at least, substituted his judgment of the facts and the credibility of the witnesses for that of the jury.... It then becomes the duty of the appellate tribunal to exercise a closer degree of scrutiny and supervision than is the case where a new trial is granted because of some undesirable or pernicious influence obtruding into the trial.

*Id.* Simply stated, no judge is free to substitute the judge's view for that of the jury on the issue of witness credibility merely because the judge disagrees with the jury. *See Larson v. Cactus Util. Co.*, 730 S.W.2d 640, 641 (Tex.1987).

The majority says we should "focus on the process by which the trial court reached its discretionary decision, not upon the result of that determination[,]" but that cannot be entirely right. A new trial is properly granted to prevent an injustice; however, if the verdict is just, setting aside the verdict may be the injustice. The trial judge must have a "valid basis" "to substitute his or her own views for that of the jury[.]" *In re Columbia Med. Ctr.*, 290 S.W.3d. at 212. "The reasons should be clearly identified and reasonably specific," but must also establish a "valid basis" for setting aside the jury verdict. *Id.* at 212, 215.

The majority concludes that the trial court followed the right "process" in ruling that the jury's answer to the past-damages question is against the great weight and preponderance of the evidence. Again, I respectfully disagree. The ruling does no more than state boilerplate conclusions without reasoning.[1] A finding of negligence and proximate cause does not automatically require an award of past damages. *See Waltrip v. Bilbon Corp.*, 38 S.W.3d 873, 879–80 & n. 2 (Tex.App.-Beaumont 2001, pet. denied).[2] If the testimony

1. The majority observes this Court has long criticized the use of the phrase "and/or." *See Christus Health Se. Tex. v. Broussard*, 306 S.W.3d 934, 938 & n. 1 (Tex.App.-Beaumont 2010, no pet.); *Willis Sears Trucking Co. v. Pate*, 452 S.W.2d 782, 784 (Tex.Civ.App.-Beaumont 1970, no writ) (pleading "and/or" violated rule 45(b)'s requirement that a pleading consist of a statement in plain and concise language); *Am. Gen. Ins. Co. v. Webster*, 118 S.W.2d 1082, 1084 (Tex.Civ.App.-Beaumont 1938, writ dism'd) ("[T]o our way of thinking the abominable invention 'and/or,' is as devoid of meaning as it is incapable of classifi-

cation by the rules of grammar and syntax."). This Court has not been alone. *See* BRYAN A. GARNER, A DICTIONARY OF MODERN LEGAL USAGE 56 (2d ed. 1995) (The expression *"and/or* has been vilified for most of its life—and rightly so."). The term is indecisive and ambiguous, and suggests a linguistic shell game, but the clumsy phrase is not the problem here. The survival of the question "why" is.

2. The trial court did not find an irreconcilable conflict between the jury's award of $0 for past damages and the award of future damages. The court did not address whether the

of past damages cannot be rejected by the jury in this case, why not? If the jury's credibility determinations are unreasonable, why? *See City of Keller v. Wilson,* 168 S.W.3d 802, 820 (Tex.2005) (stating that the jury's decisions regarding credibility must be reasonable).

When this Court sets aside a jury verdict because the verdict is against the great weight and preponderance of the evidence, we must "detail the evidence relevant to the issue" and "clearly state why" the verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 635 (Tex.1986). We must also "state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict." *Id.; see also Citizens Nat'l Bank in Waxahachie v. Scott,* 195 S.W.3d 94, 96 (Tex.2006). The Supreme Court has explained that "[a] trial court's actions in refusing to disclose the reasons it set aside or disregarded a jury verdict is no less arbitrary to the parties and public than if an appellate court did so." *In re Columbia Med. Ctr.,* 290 S.W.3d at 212. The reasons must be specified and understandable. *See id.* at 213. "[N]o court is free to substitute its judgment for that of the jury." *Larson,* 730 S.W.2d at 641.

A trial judge should have no need or requirement to write the equivalent of an appellate opinion explaining why the judge reasons the jury verdict is clearly wrong and unjust, but it is not too much to require the trial judge to provide an answer beyond standardized phrases. "When a court of appeals disturbs the judgment of a lower tribunal, merely saying that the court has reviewed all the evidence and reaching a conclusion contrary to that of the trier of fact is not enough. Instead, the court should explain, with specificity, why it has substituted its judgment for

that of the trial court." *Scott,* 195 S.W.3d at 96. Similarly, the trial court should explain, with specificity, why it has substituted its judgment of the facts and the credibility of the witnesses for that of the jury. If a trial court concludes that the jury verdict is clearly wrong, and the work of the jury must be undone to prevent an injustice, a reasoned explanation for that conclusion is required.

In this case, the trial judge has not explained with specificity why the jury's past damage findings are against the great weight and preponderance of the evidence and the verdict unjust, nor why he has substituted his judgment of the facts and the credibility of the witnesses for that of the jury. The trial court has not complied with the requirements of *In re Columbia Medical Center* or the Supreme Court's specific instructions in this case. *See In re Columbia Med. Ctr.,* 290 S.W.3d at 212–15; *In re United Scaffolding, Inc.,* 301 S.W.3d 661, 663 (Tex.2010) ("We direct the trial court to specify its reasons for disregarding the jury verdict and ordering a new trial."). Because the trial court has not complied with the Supreme Court's instructions, the writ should issue to compel rendition of judgment on the jury verdict. *See generally Tex. State Bd. of Exam'rs In Optometry v. Carp,* 388 S.W.2d 409, 417 (Tex.1965).

award of future damages is supported by the evidence.