# IN THE SUPREME COURT OF TEXAS

════════════
No. 10-0526
════════════

IN RE UNITED SCAFFOLDING, INC., RELATOR

═══════════════════════════════════════════
ON PETITION FOR WRIT OF MANDAMUS
═══════════════════════════════════════════

**Argued October 6, 2011**

JUSTICE WAINWRIGHT, concurring in the judgment.

I agree with the Court that the order granting a new trial in this case fails to pass muster under

*In re Columbia Medical Center of Las Colinas*, 290 S.W.3d 204, 213 (Tex. 2009).

I respectfully disagree with some of the propositions in the Court's opinion. In considering

the substantive support for new trial determinations, I disagree that a trial court's presumed lack of

a trial record should be a basis for determining the scope of the sufficiency review of a trial court's

grant of a motion for new trial. In this age of technology, trial courts have access to the record and

more, including personal observations of the trial and their notes of the proceedings. Even more than

a decade ago, the court reporter for my court provided this former trial judge with "real time"

electronic transcripts of trial testimony, as needed. She also maintained custody of the trial exhibits

and the court clerks maintained, or could obtain, documents from the clerk's record. Presumably

trial judges today have more, not less, access to trial records needed to formulate valid, well-

reasoned bases for granting motions for new trial that overturn jury verdicts. Incidents that occur

during a trial that may warrant overturning the jury's verdict can be documented or explained in the

record for appropriate consideration on appeal, including things such as (God forbid) sleeping jurors, counsel, or jurists, explosions outside the courthouse during a trial over burn injuries, and other matters. I also am convinced that the rationale for requiring valid, substantive reasons for a trial court's reversal of a jury verdict should be more than the concern that a judge will substitute her judgment for the jury's on matters within the jury's province. A trial court's reasons for granting a new trial should be valid and proper because of the significance of the right to trial by jury and the respect due jury verdicts. *See Columbia*, 290 S.W.3d at 211 n.3, 212, 213.

We determined in *In re Columbia Medical Center of Las Colinas* that, just as appellate courts that set aside jury verdicts are required to detail reasons, trial courts must also give an explanation for setting aside a jury verdict. 290 S.W.3d at 206. We held that a trial court abuses its discretion if it fails to specify the reasons for its decision to grant a new trial and that "in the interest of justice" is not a proper reason. *Id.* at 213, 215. The formulaic "in the interest of justice" is a vague explanation for granting a new trial, and "does not enhance respect for the judiciary or the rule of law . . . ." *Id*. at 213. Emphasizing that parties and the public are entitled to an "understandable, reasonably specific explanation" when a new trial is granted, we determined that a trial court must give "proper reasons" for overturning a jury verdict. *Id*. at 211 n.3, 212, 213.

The question we have not yet addressed is how in-depth the appellate review of orders granting new trials should be, an issue raised in this case but unnecessary for the Court to address. Today we grant a petition for writ of mandamus that squarely raises the issue of the nature and breadth of the substantive appellate review of orders granting motions for new trial. *In re Toyota Motor Sales, U.S.A., Inc.*, No. 10-0933, 55 Tex. Sup. Ct. J. __ (Aug. 31, 2012).

2

Texas trial courts have historically been afforded broad discretion in granting new trials. *Columbia*, 290 S.W.3d at 210; *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex. 1985). But that discretion is not limitless. *Columbia*, 290 S.W.3d at 210 (citing *Larson v. Cactus Util. Co.*, 730 S.W.2d 640 (Tex. 1987)); *In re Bayerische Motoren Werke, AG*, 8 S.W.3d 326, 327 (Tex. 2000) (Hecht, J., dissenting from denial of the motion for rehearing of the petition for writ of mandamus) ("Broad as the trial court's discretion is, it is not unbounded.").

We need to remind ourselves what is at stake. Our Constitution protects the right to trial by jury, which "shall remain inviolate." TEX. CONST. art. 1, § 15. A similar guarantee was included in the original version of our current Constitution of 1876 and in all of the earlier Texas Constitutions, including the Constitution of the Republic of Texas. *See* REPUB. TEX. CONST. of 1836, Declaration of Rights, art. 9, *reprinted in* 1 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897 1083 (Austin, Gammel Book Co. 1898); *see also* TEX. CONST. of 1869, art. I, §§ 8, 12; TEX. CONST. of 1866, art. I, § 12, art. IV, § 20; TEX. CONST. of 1861, art. I, § 12, art. IV, § 16; TEX. CONST. of 1845, art. I, § 12. Unbounded discretion to grant new trials is at odds with these principles. For over a century, this Court has recognized the limited discretion afforded in granting a new trial.

> Judges, in the trial of all causes before them, should from necessity have and exercise great legal discretion in every stage of the trial, to the end that the laws may be enforced, and justice and equity administered to all. But that discretion should be a sound and legal discretion, exercised in compliance with known rules, and principles of law; and not the arbitrary will and pleasure of the judge presiding.

*Lloyd v. Brinck*, 35 Tex. 1, 6 (1871). In *Lloyd*, the Court awarded mandamus relief to set aside a new trial order where the order was issued without providing a reason. *Id.* at 8–9. And we reaffirmed that principle in *Columbia*. 290 S.W.3d at 210; *see also* 315 S.W.3d 246, 253 (Gaultney,

3

J., dissenting) ("A trial judge should have no need or requirement to write the equivalent of an appellate opinion explaining why the judge reasons the jury verdict is clearly wrong and unjust, but it is not too much to require the trial judge to provide an answer beyond standardized phrases.").

*Columbia* mandated that a trial judge must list "reasonably specific," "valid," and "proper reasons" for granting a motion for new trial because of the significance of the right to trial by jury. 290 S.W.3d at 211 n.3, 212, 213. This language points our jurisprudence toward appellate review of the reasons given for reversing a verdict. *Id.* at 210 n.3 (stating "good cause" to grant a new trial "does not mean just any cause").

A facial review that fails to confirm that the record supports a new trial order does injustice to the commitment and service of a jury that faithfully swore to reach a true verdict. A facial review is inconsistent with the constitutionally guaranteed right to have a jury resolve disputes. Reasons given may become meaningless formulas and verdicts reversed for reasons that are pretextual, legally incorrect, or unsupported by the record. And an order granting a new trial for an invalid reason is just as insufficient as an order that fails to provide any reason at all. Similar to appellate court judgments on verdicts, the reasons for taking them away must be set out for the public, bench and bar to see. *See id.* at 206.

It is important to remember what's at stake. When a motion for new trial is granted and the case is retried, two jury verdicts will have been rendered. After the second verdict, the litigants may seek relief through an appeal with the court of appeals. In the appeal, litigants may raise legal and factual sufficiency issues, damages errors, procedural problems, or other matters, and the second jury verdict in the case receives a level of scrutiny to confirm or overturn it. The fact findings and legal

4

conclusions are judged against the law and the record of the proceedings at trial. The second verdict is respected in the appellate process through appropriate standards of review and well-reasoned and transparent analysis by appellate courts.

The first verdict should likewise be accorded a commensurate level of respect. The jurors in the first trial heard testimony, listened carefully to counsel's arguments, and endeavored to follow the trial court's instructions. As with the second jury, the first jury deliberated and rendered a verdict in the grand tradition of the constitutional right to a jury trial. However, without a substantive review of the reasons for granting the new trial, the first verdict may be invalidated without the careful analysis and rigor of review accorded the second verdict. Why should the second verdict be treated as more important than the first? Why should the first jury receive less respect than the second? Why should the efforts and work of counsel and expense to parties in the first trial be subject to invalidation under a less thorough analytical review than in the second?

There are procedural limitations in a mandamus review of a new trial order that would not be of concern in an appeal. For example, the mandamus standard of review is abuse of discretion rather than a de novo review of the verdict, with proper deference accorded to the jury's fact findings and credibility determinations. Should the first verdict be subject to the same appellate review as the second, and grants of motions for new trial be treated as final instead of interlocutory? After all, the new trial order reversed a jury verdict, which would be considered a final judgment if accomplished in a judgment notwithstanding the verdict or ruling on a motion for entry of judgment; and, as in an order for a new trial, the case may be retried after appellate consideration. Should there be legal congruence between the review of a motion for new trial and a judgment notwithstanding

5

the verdict? The counterargument is, "Well, we have a tradition of treating them differently." Perhaps, but we took a step in *Columbia* toward correcting problems with motions for new trials, and we recognized that:

> [T]here is no meaningful difference to the parties between an appellate court reversing a judgment based on a jury verdict and a trial court setting the verdict aside or disregarding it. The end result is that the prevailing party loses the jury verdict and the judgment, or potential judgment, based on it.

290 S.W.3d at 211–12. While there are many procedural issues and practical challenges to surmount in resolving these issues, which I do not attempt to answer today, I have jurisprudential concerns in treating the two verdicts differently.

We have faith in the integrity of our trial bench as well as that of the appellate bench. *Id.* at 214. A serious merits review of grants of motions for new trial will not put burdens on trial or appellate courts that are not already expected—to issue fair and just rulings under the law in cases and controversies filed in their courts. Instead, this review protects the right to trial by jury and a trial judge's discretion in granting a new trial for reasonably specific, valid, and proper reasons. While I agree that trial judges should provide valid, substantive reasons for granting a motion for new trial, I agree with the Court that we should not require trial courts to prepare new trial orders with the same detailed analysis required of appellate courts in *Pool v. Ford Motor Co.*, 715 S.W.2d, 629, 635 (Tex. 1986).

But without a true merits-based review of the reasons given for granting new trials, *Columbia* will not be fully effective. A rule that cannot be enforced is, in reality, no rule at all.

_____
Dale Wainwright
Justice

OPINION DELIVERED: August 31, 2012