

**NUMBER 13-14-00377-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**UNITED SCAFFOLDING, INC.,** **Appellant,**

**v.**

**JAMES LEVINE,** **Appellee.**

---

**On appeal from the 172nd District Court
of Jefferson County, Texas.**

---

**ORDER ABATING APPEAL AND
REFERRING CASE TO MEDIATION**

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Order Per Curiam**

In this workplace accident case, appellant United Scaffolding, Inc. (USI) appeals from the judgment entered in favor of appellee James Levine.[1]   Levine's claims against

---

[1] Pursuant to a docket-equalization order from the Texas Supreme Court, this case is before the Court on transfer from the Ninth Court of Appeals in Beaumont.  See TEX. GOV'T CODE ANN. § 73.001

1

USI were first tried to a jury in 2008. The 2008 jury found that both USI and Levine acted negligently, apportioned fifty-one percent responsibility to USI, and awarded Levine $178,000 in damages for future medical expenses but no damages for past expenses. Levine filed a motion for new trial, which the trial court granted on the grounds that the jury's finding of zero past damages was not supported by the great weight and preponderance of the evidence.[2] Levine's claims were tried for a second time in 2014. At this trial, the jury found only that USI acted negligently and awarded Levine damages for past and future expenses totaling approximately $1.9 million. On appeal, USI contends: (1) Levine's claims sounded in premises liability and the simple negligence question submitted to the jury did not support Levine's recovery; and (2) the trial court erred in granting Levine's motion for new trial because sufficient evidence supported the 2008 jury's finding of zero past damages and, as such, this Court should reinstate the verdict from the first trial.

The Court has determined that this appeal should be referred to mediation. Accordingly, it is ORDERED that this appeal be ABATED and the issues in this appeal be mediated under the following terms and conditions:

1. The parties must promptly agree upon a mediator and, within seven days of this Order, notify the Court in writing of the name and address of the mediator selected. If the parties are unable to agree upon a mediator, they must so notify the Court within the seven day period and the Court will appoint a mediator.

2. All parties must confer with their mediator within seven days of the date of this Order, or in the case of a court appointed mediator, within seven days of the appointment of the mediator, to establish a date

---

(West, Westlaw through 2013 3d C.S.).

[2] In two rounds of mandamus proceedings, USI challenged the trial court's new trial order for lack of specificity in its use of "in the interest of justice" language. *See In re United Scaffolding, Inc.*, 287 S.W.3d 274 (Tex. App.—Beaumont 2009, orig. proceeding); *In re United Scaffolding, Inc.*, 301 S.W.3d 661 (Tex. 2010); *In re United Scaffolding, Inc.*, 315 S.W.3d 246 (Tex. App.—Beaumont 2010, orig. proceeding); *In re United Scaffolding, Inc.*, 377 S.W.3d 685 (Tex. 2012). In the end, the Supreme Court ordered the trial court to amend its order to resolve the ambiguity and specify its reason for granting the new trial. *See In re United Scaffolding, Inc.*, 377 S.W.3d 685, 689–90.

2

and place for the mediation. The parties shall agree on a date for the mediation that is consistent with the mediator's schedule and is no later than sixty days after the date of this Order. In the event the parties cannot agree on a date, the mediator shall select and set a date. The mediator shall notify the Court of the date selected for the mediation.

3. In the discretion of the mediator, each party may be required to provide a confidential memorandum and/or information sheet setting forth the issues of the case and their positions on these issues. Additionally, upon request of the mediator, the parties shall produce all information the mediator deems necessary to understand the issues of the case. The memorandum and/or information sheet and other information produced to the mediator will not be made a part of the file in this case and will be destroyed by the mediator at the conclusion of the mediation proceeding.

4. All parties to this matter or their authorized representatives, accompanied by their counsel, must appear and attend the mediation proceeding. The mediation shall be for a full day.

5. Mediation is a mandatory, non-binding settlement conference conducted with the assistance of a mediator. The mediation proceeding will be confidential within the meaning of the Texas Civil Practice and Remedies Code sections 154.053 and 154.073. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.053, 154.073 (West, Westlaw through 2013 3d C.S.).

6. Unless otherwise agreed, the mediation proceeding will not be recorded.

7. The mediator will negotiate a reasonable fee with the parties. The mediator's fee will be borne equally by the parties unless otherwise agreed by the parties, and will be paid directly to the mediator. If the parties do not agree upon the fee requested by the mediator, the Court will set a reasonable fee, which shall be taxed as costs. TEX. CIV. PRAC. & REM. CODE ANN. § 154.054 (West, Westlaw through 2013 3d C.S.).

8. Within two days after the conclusion of the mediation, the mediator shall certify to this Court as follows: (a) whether the parties appeared as ordered, (b) whether the case settled, and (c) whether the mediation fees were paid in accordance with the court's order or as otherwise agreed by the parties.

9. If mediation fully resolves the issues in this case, the parties must file a joint or agreed motion with this Court seeking dispositive relief within seven days of the conclusion of the mediation. If the parties need more time to effectuate the terms of the settlement agreement,

3

they must, within seven days of the conclusion of mediation, file a joint or agreed motion for an extension of time to file their disposition motion.

It is FURTHER ORDERED that this case remain ABATED pending this Court's review of the mediator's report and until further order of this Court.

IT IS SO ORDERED.

PER CURIAM

Delivered and filed the 20th
day of January, 2015.

4