**Dismissed and Opinion Filed July 20, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00529-CV**

**ENVISION RADIOLOGY TEXAS LP AND
HEALTH IMAGING PARTNERS, LLC D/B/A
ENVISION IMAGING OF ALLEN, Appellants**
**V.**
**SANDRA TRADER, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-01239-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Osborne

In this interlocutory appeal, Envision Radiology Texas LP and Health Imagining Partners, LLC d/b/a Envision Imaging of Allen (collectively Envision) appeal the trial court's order on Sandra Trader's motion for reconsideration, denying Envision's motion to dismiss pursuant to Texas Civil Practices and Remedies Code § 74.351 and granting Trader's request for a 30-day extension to cure any deficiencies. Envision argues this Court has jurisdiction over this interlocutory appeal because the initial report constitutes no report at all so the trial court was required to dismiss Trader's health care liability claims. And it raises two issues

arguing the trial court erred when it denied Envision's motion to dismiss because: (1)(a) Trader's initial report did not represent a good faith effort to comply with the statute because the expert was not qualified and it did not include a causation analysis, and (b) Envision's objections notified Trader of the deficiencies but she did not cure them before the statutory deadline to file her preliminary expert reports had expired; and (2)(a) Trader's initial expert report was not a good faith effort because it omitted the statutory requirement of causation, she could not cure the report because her initial expert was unqualified to provide a causation analysis, and (b) the second report addressing causation by a different expert was filed after the statutory deadline. We conclude that Envision waived some of their objections and we do not have appellate jurisdiction over this interlocutory appeal. This interlocutory appeal is dismissed for lack of subject-matter jurisdiction.

## I. PROCEDURAL BACKGROUND

On March 7, 2019, Trader filed her original petition against Envision, alleging health care liability claims and attaching the report and curriculum vitae of Lynn Hadaway, M.Ed., RN-BC, CRNI, for the purpose of satisfying the requirements of § 74.351 of the Texas Civil Practice and Remedies Code. On March 29, 2019, the Envision defendants filed separate, original answers.

On April 15, 2019, Envision filed its written objections to Hadaway's expert report arguing it was "deficient" because: (1) Hadaway was not qualified; and (2) Hadaway's standard of care and breach opinions were "deficient."

–2–

On September 26, 2019, Envision filed a motion to dismiss, incorporating its objections and further arguing Hadaway was not qualified to render an expert opinion on causation because only a physician is qualified to do so and therefore, Trader failed to make a good faith effort to comply with the statute's requirements. On January 6, 2020, Trader served Envision with the expert report of Dean W. Smith, M.D. On January 22, 2020, Trader filed a response to Envision's objections and motion to dismiss contending she demonstrated a good faith effort to comply with the initial expert report requirements and conceding Hadaway was not qualified to offer an opinion on causation. However, Trader maintained any deficiencies were curable by the report of Dr. Smith and requested a 30-day extension to cure them.

After a hearing, the trial judge signed an order granting Envision's motion to dismiss. Trader filed a motion for reconsideration that again conceded the Hadaway report was deficient but argued an extension of time to cure the defects was required. After a hearing, the trial judge signed an order that: (1) overturned its order granting Envision's motion to dismiss; (2) granted Trader's request for an extension of time to cure any defects in her initial expert report; and (3) limited Trader's ability to cure those defects with an expert report from Dr. Smith and prohibited her from curing any deficiencies through Hadaway or any other expert.

## II. APPELLATE JURISDICTION

After Envision filed this interlocutory appeal, this Court questioned its jurisdiction. The parties filed separate letter briefs on the issue of jurisdiction and

addressed the issue in their briefs on appeal. Envision argues this Court has jurisdiction because: (1) the initial Hadaway report did not address causation so it constituted no report at all; (2) the Hadaway report was by an expert unqualified to render a causation opinion so it was no report at all; and (3) the trial court's order granting the motion for reconsideration did not grant an extension because it denied Trader's ability to cure the initial report. Trader responds that there is no jurisdiction over this interlocutory appeal because: (1) an appeal may not be taken from an order granting a 30-day extension and an order denying a motion to dismiss coupled with an order granting an extension to cure a deficient report are inseparable for purposes of jurisdiction; (2) the Hadaway report was deficient but curable; and (3) whether or not the trial court was correct in placing limitations on Trader's ability to cure the Hadaway report is not the subject of this interlocutory appeal.

### A. Standard of Review

Whether an appellate court has jurisdiction to determine the merits of an appeal is a question of law subject to de novo review. *See Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).

### B. Applicable Law

Section 74.351 of the Texas Civil Practices and Remedies Code requires a claimant in a health care liability claim to serve the defendant or its attorney with one or more expert reports with the curriculum vitae of each expert no later than 120 days after the defendant files its original answer. TEX. CIV. PRAC. & REM. CODE

–4–

ANN. § 74.351(a).  An expert report provides a written summary of the expert's opinions regarding: (1) the applicable standards of care; (2) the manner in which the care rendered by the health care provider failed to meet the standards; and (3) the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* § 74.351(r)(6).

Each defendant whose conduct is implicated in a report must file and serve any objections to the sufficiency of the report no later than the 21st day after the date the report is served or the 21st date after its answer is filed, failing which all objections are waived.  *See id.* § 74.351(a).  Any objections made for the first time after the 21-day deadline are waived.  *Bakhtari v. Estate of Dumas*, 317 S.W.3d 486, 493 (Tex. App.—Dallas 2010, no pet.); *Christus Health Se. Tex. v. Broussard*, 306 S.W.3d 934, 937 (Tex. App.—Beaumont 2010, no pet.) (concluding any objections not made in second motion to dismiss amended report were waived); *Williams v. Mora*, 264 S.W.3d 888, 890–91 (Tex. App.—Waco 2008, no pet.) (concluding that when defendant's only timely filed objections to expert report were that two statements were speculative, defendant waived all other objections); *see also* TEX. R. APP. P. 33.1 (preservation of error).

If an expert report is not served within that period, a trial court must grant a motion to dismiss the claim.  CIV. PRAC. & REM. § 74.351(b).  Section 74.351(*l*) also requires a trial court to grant a motion challenging the adequacy of an expert report that does not represent a good faith effort to comply with the definition of an expert

report. *Id.* § 74.351(*l*). Generally, an appellate court may review an order denying all or part of the relief sought by a motion to dismiss for an inadequate expert report under § 74.351(b) or granting relief sought by a motion under subsection (*l*). *Id.* § 51.014(a)(9)–(10).

However, if an expert report has not been served within the period specified by § 74.351(a) because elements of the report are found deficient, the trial court may grant the claimant one 30-day extension in order to cure the deficiency. *Id.* § 74.351(c). If the claimant does not receive notice of the trial court's ruling until after the 120-day deadline to file an expert report has passed, then the 30-day extension shall run from the date the claimant first received notice. *Id.* The purpose of the expert report requirement is to deter frivolous claims and when an expert report can be cured in 30 days, the claim is not frivolous. *See Scoresby v. Santillan*, 346 S.W.3d 546, 554 (Tex. 2011). An individual's lack of relevant qualifications and an opinion's inadequacies—including when an expert report is not accompanied by a curriculum vitae, does not state the standard of care, or fails to address causation—are deficiencies the plaintiff should be given an opportunity to cure. *See id. at* 549, 555 (absent curriculum vitae may be cured), 557 (no standard of care); *Wheeler v. Methodist Richardson Med. Ctr.*, No. 05-17-00332-CV, 2017 WL 6048153, at *3–4 (Tex. App.—Dallas Dec. 7, 2017, pet. denied) (mem. op.) (failure to address causation). A claimant may serve a report by a new expert to cure any deficiency and is not limited to a report by the original expert. *Lewis v. Funderbunk*,

253 S.W.3d 204, 208 (Tex. 2008). A trial court should err on the side of granting additional time and must grant it if the deficiencies are curable. *Scoresby*, 346 S.W.3d at 549.

An appeal may not be taken from an order granting an extension to cure the deficiency under § 74.351(c). *Id.* § 51.014(a)(9). If a deficient report is served and the trial court grants a 30-day extension, that decision is not subject to review even if it is coupled with an order denying a motion to dismiss. *See Scoresby*, 346 S.W.3d at 549; *Ogletree v. Matthews*, 262 S.W.3d 316, 321 (Tex. 2007). However, after an extension has been granted, if the defendant again moves to dismiss, a denial of that motion to dismiss is appealable. *Scoresby*, 346 S.W.3d at 555.

But not all extensions under § 74.351(c) will escape appellate review. *Westover Continuing Care Ctr. Ltd. Co. v. Adams*, No. 04-21-00121-CV, 2021 WL 5605286, at *2 (Tex. App.—San Antonio—Dec. 1, 2021, no pet.) (mem. op.). Section 74.351 distinguishes between a report that is timely served but deficient and when no report is served. *Methodist Hosp. of Dallas v. Nieto*, No. 05-18-01073-CV, 2019 WL 6044550, at *2 (Tex. App.—Dallas Nov. 15, 2019, pet. denied) (mem. op.). A document utterly devoid of substantive content will not qualify as an expert report. *See Scoresby*, 346 S.W.3d at 549. In order to determine whether it has jurisdiction, an appellate court conducts a lenient, three-part test to distinguish between an expert report that is effectively "no report" and one that is deficient: (1) whether the report was timely filed; (2) whether the report contains the opinion

of an individual with expertise that the claim has merit; and (3) whether the defendant's conduct is implicated. *Scoresby*, 346 S.W.3d at 557. This test is lenient for two reasons: (1) to avoid multiple interlocutory appeals; and (2) to allow plaintiffs a fair opportunity to show their claim is not frivolous. *Id.* However, any determination as to whether a report meets the minimal *Scoresby* requirements is to be made when the document purporting to be an expert report is timely served and properly challenged. *Sherrill v. Williams*, No. 05-14-00847-CV, 2015 WL 1910015, at *2 (Tex. App.—Dallas Apr. 28, 2015, pet. denied) (mem. op.). A report is "properly challenged" by objections filed within the relevant 21-day window. CIV. PRAC. & REM. § 74.351(A); *Sherrill*, 2015 WL 1910015, at *2.

### C. *Application of the Law to the Facts*

The threshold issue for our determination is whether some of Envision's objections were untimely and waived as a result. We must make this determination before applying the *Scoresby* requirements to determine whether this Court has jurisdiction over this interlocutory appeal, so that we examine only the proper challenges to that report. *See Sherrill*, 2015 WL 1910015, at *2.

Seventeen days after filing its answer, Envision filed its written objections to Hadaway's report arguing it was "deficient" because: (1) Hadaway was not qualified; and (2) Hadaway's standard of care and breach opinions were "deficient." Those objections specifically argued that the initial report was "deficient." Envision did not contend that Hadaway was not qualified to render an expert opinion on

–8–

causation because only a physician is qualified to do so or that Trader failed to make a good faith effort to comply with the statute's requirements such that the initial report constituted no report at all, thereby precluding a 30-day extension in which to cure the alleged deficiencies, until Envision filed its motion to dismiss, 181 days after filing its answer. Accordingly, those objections were waived because they were untimely and as a result, they will not be considered when we apply the *Scoresby* factors. *See Sherrill*, 2015 WL 1910015, at \*2 (report properly challenged by objections filed within 21-day window); *Bakhtari*, 317 S.W.3d at 493 (objections made for first time after 21-day deadline are waived).

The record shows that Trader timely served the Hadaway report by the statutory deadline, it contains the opinion of an individual with expertise that the claim has merit, and it implicated the defendant's conduct. Further, Envision's timely objections argued only that the Hadaway report was "deficient." Accordingly, we conclude that the trial court did not abuse its discretion when in concluded the Hadaway report was merely deficient and able to be cured.[1] Therefore, § 51.14(a)(9)'s prohibition against an appeal from an order granting an extension applies. *See Scoresby*, 346 S.W.3d at 556–57.

---

[1] We express no opinion as to the trial court's limitations on how Trader was permitted to cure the deficiencies in the Hadaway report.

### III. CONCLUSION

This Court does not have appellate jurisdiction over this interlocutory appeal because the trial court's order granting a 30-day extension does not fall within any of the statutory grants of jurisdiction over interlocutory, healthcare-liability orders.

This interlocutory appeal is dismissed for lack of subject-matter jurisdiction.

/Leslie Osborne//

LESLIE OSBORNE
JUSTICE

200529f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ENVISION RADIOLOGY TEXAS LP AND HEALTH IMAGING PARTNERS, LLC D/B/A ENVISION IMAGING OF ALLEN, Appellants

No. 05-20-00529-CV     V.

SANDRA TRADER, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas Trial Court Cause No. 401-01239-2019.
Opinion delivered by Justice Osborne. Justices Pedersen, III and Reichek participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellee SANDRA TRADER recover her costs of this appeal from appellants ENVISION RADIOLOGY TEXAS LP AND HEALTH IMAGING PARTNERS, LLC D/B/A ENVISION IMAGING OF ALLEN.

Judgment entered this 20th day of July 2022.